UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| HUSHHUSH ENTERTAINMENT, INC., a California corporation d/b/a Hush Hush Entertainment, Hushpass.com and Interracialpass.com, | ) ) ) | |
| | ) | Case No. |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| MINDGEEK USA, INC., a Delaware corporation, d/b/a PORNHUBPREMIUM.COM MINDGEEK USA, INC., a Delaware corporation, individually and doing business as MINDGEEK USA INC., a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG FREESITES, LTD, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG BILLING US, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG BILLING EU, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG BILLING IRELAND, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; LICENSING IP INTERNATIONAL S.A.R.L , a foreign corporation d/b/a PORNHUBPREMIUM.COM; FERAS ANTOON, an individual; and DOES 1- 50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | [DEMAND FOR JURY TRIAL] |
| *Defendants.* | ) ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, DAMAGES,**

**AND INJUNCTIVE RELIEF**

Plaintiff HUSHHUSH ENTERTAINMENT, INC., a California corporation d/b/a Hush

Hush Entertainment, Hushpass.com and Interracialpass.com, by and through its attorneys of

record, hereby allege as follows:

## NATURE OF THE CASE

1.      This is an action for violation of Plaintiff, HUSHHUSH ENTERTAINMENT'S

intellectual property rights.  HUSHHUSH ENTERTAINMENT owns certain adult entertainment

content which has been properly registered with the United States Copyright Office.  Defendants

own and operate a commercial online pay website, commonly referred to as Pornhub Premium,

which actively facilitates the reproduction and distribution of unauthorized adult content media.

Defendants have allowed, permitted and benefitted from HUSHHUSH ENTERTAINMENT'S

adult content which was improperly uploaded onto Defendants' free sites, and then transferred

and controlled by Defendants to their own pay sites for all its pay members to view.

2.      Defendants profit from such copyright infringement by charging a monthly fee to

users who wish to view the unauthorized content on Defendants' pay sites.  In fact, the amount

of copyright infringement on Defendants' websites is staggering, and Defendants are aware of

the nature and extent of infringement which permeates its websites.  Defendants benefit from the

infringed work by substantially increasing their video library, which attracts more users and thus

more paying consumers desiring to view Plaintiff's, and others', unauthorized uploaded content.

3.      Defendants' own and operate one of the largest and most heavily trafficked

portfolios of premium adult-oriented domain names and trademarks in the world.  Among

Defendant MindGeek USA, Inc.'s most popular websites are Pornhub, located at

www.pornhub.com; Pornhub Premium, located at pornhubpremium.com; Brazzers, located at

www.brazzers.com; Florida based Reality Kings, located at www.realitykings.com; Redtube,

located at www.Redtube.com; YouPorn, located at www.youporn.com; Digital Playground,

located at  www.digitalplayground.com; Tube8, located at www.tube8.com; XTube, located at

www.xtube.com; and GayPorn, located at www.gayporn.com. MindGeek's affiliations and licensees include Playboy Plus Entertainment, Inc., Hustler, Penthouse and Vivid Entertainment.

4.     Defendants' own statistical reporting illustrates the scope and size of Pornhub.com. According to the Defendants' review of 2014, Pornhub.com delivered *78.9 billion* video views and the site averaged *2.1 million visits per hour,* or *5,800 visits per second.* The rate at which Pornhub.com is viewed by internet users is astounding.

5.     Defendants' success, however, comes at the loss of copyright holders, like Plaintiff.  Not only do Defendants enable and promote the improper uploading of infringing work, but Defendants themselves transfer or provide access to infringing copyrighted adult entertainment work from their free sites to their pay sites, where they benefit from the monthly fees charged to the public consumers.

6.     Defendants' actions represent copyright infringement, subjecting Defendants to damages.  Defendants are further liable for contributory infringement, secondary infringement and vicarious infringement for actively promoting, enabling and profiting from the copyright infringement.

## THE PARTIES

7.     Plaintiff HUSHHUSHENTERTAINMENT, d/b/a as Hush Hush Entertainment, Hushpass.com and Interracialpass.com (referred to hereinafter as "HUSHHUSH"), is, and at all relevant times hereto was, a corporation formed and existing under the laws of the State of California, with its principal place of business located in Los Angeles, California.

8.     Defendant MINDGEEK USA, INC. (referred to hereinafter as "Mindgeek") is, and Plaintiff is informed at all relevant times hereto was, a corporation formed and existing under the laws of the State of Delaware, with its principal place of business located in Miami, Florida.  Mindgeek refers to MindGeek USA, Inc. and all of its parents, subsidiaries and

affiliates.  Upon information and belief, in conjunction with the other Defendants, MindGeek owns and operates Pornhub.com and Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

9.      Plaintiff is informed and believes and based thereon alleges that Defendant MG FREESITES, LTD. is, and at all relevant times hereto was, a corporation organized and existing under the laws of Cyprus.   Upon information and belief, MG Freesites, Ltd. is a subsidiary of MindGeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant MG BILLING US is, and at all relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, MG Billing US is a subsidiary of MindGeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

11.     Plaintiff is informed and believes and based thereon alleges that Defendant MG BILLING EU is, and at all relevant times hereto was, a foreign corporation. Upon information and belief, MG Billing EU is a subsidiary of MindGeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

12.     Plaintiff is informed and believes and based thereon alleges that Defendant MG BILLING IRELAND is, and at all relevant times hereto was, a corporation organized and existing under the laws of Ireland. Upon information and belief, MG Billing Ireland is a subsidiary of MindGeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

13.     Plaintiff is informed and believes and based thereon alleges that Defendant

LICENSING IP INTERNATIONAL S.À.R.L. is, and at all relevant times hereto was, a corporation organized and existing under the laws of Luxembourg.  Upon information and belief, Licensing IP International S.à.r.l. is a subsidiary of MindGeek and, in conjunction with the other Defendants, owns and operates Pornhub, Pornhub.com and/or Pornhubpremium.com, internet web sites and brands that display and distribute adult oriented videos, photographs, content, and services.

14.     Plaintiff is informed and believes and based thereon alleges that Defendant FERAS ANTOON is, and at all relevant times hereto was, a resident of Canada. Upon information and belief, Defendant Antoon directs, controls, and/or assists in determining the content on Pornhubpremium.com.  Defendants MindGeek USA Inc., MG Freesites, Ltd, MG Billing US, MG Billing EU, MG Billing Ireland, Licensing International S.a.r.l.and Antoon shall be referred to at times collectively as "Defendants."

15.     The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiff and Plaintiff therefore sues these Defendants by fictitious names.  Plaintiff will seek leave of court to amend this Complaint to state their true names and capacities when they are ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously named Defendants is in some way responsible for the acts and omissions alleged herein and as a result thereof contributed to Plaintiff's damages.

16.     Each of the Defendants is, and at all relevant times herein mentioned was, an agent, employee, joint-venturer, shareholder, director, officer, co-conspirator and/or partner of each of the other Defendants, and in doing the things herein described was acting within the scope of its authority as agent, employee, joint-venturer, shareholder, officer, director and/or partner.

17.     Plaintiff is informed and believes, and on that basis alleges, that each of the named Defendants and each fictitiously named Defendant participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

18.     Plaintiff is informed and believes, and on that basis alleges, that each of the

named Defendants and each fictitiously named Defendant has acted in concert and participation with each other concerning each of the claims in this Complaint.

## JURISDICTION AND VENUE

19.     This is a civil action for copyright infringement under the copyright laws of the United States, 17 U.S. C. §101 et seq., seeking damages and injunctive relief.

20.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

21.     The Court has personal jurisdiction over the Defendants because the acts of infringement occurred within the state of Florida as the "tortious act[s]" were committed "within this state" under Fla. Stat. §48.193(a)(b).  Defendants contract with United States advertisers, which use geotracking to target advertisements directly into districts of the United States, including Florida.  Further, Defendants, by and/or through subsidiaries, contract with Florida based companies and individuals to manufacture video content for their web properties. Moreover, Defendants specifically target Internet users in the United States, including Florida.

22.     Personal jurisdiction is also proper because the Defendants are "operating, conducting, engaging in, or carrying on a business or business venture" in Florida, under Fla Stat. §48.193(1)(a).  Defendants transact business in this Judicial District.  Defendants identify Mindgeek's location as 705 Washington Avenue, 2nd Floor, Miami Beach, Florida, 33139. Plaintiff is also informed and believes that Defendants maintain an interactive website, through their interactivity with subscription based and non-subscription based Florida members, who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State.  Defendant Antoon has personally participated in, directed, and/or supervised, and benefited from, the acts of infringement complained of in this Complaint.

23.     This Court has personal jurisdiction over the foreign companies and individuals, who have engaged in business activities in, and directed to, this District, and have committed

tortious acts within this District or directed at this District.  Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

24.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

25.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b), (c), (d) and/or 28 U.S.C. §1400(a).  Mindgeek maintains its place of business in this District.  Further, a substantial part of the acts of infringement complained of herein occurs or has occurred in this District.


## COMMON ALLEGATIONS

A.     Background

26.     Plaintiff is the rightful copyright and intellectual property owner of the respective United States copyrights and intellectual property that are the basis for this action.

27.     Plaintiff, doing business as Hush Hush Entertainment, Hushpass.com and Interracialpass.com, operates erotic websites that specialize in certain unique niches of the adult entertainment industry.  Plaintiff operates two main "megapass" websites, Hushpass.com and Interracialpass.com.  Included under the umbrellas of these two "megapass" websites are 23 separate websites which, for a fee, deliver consumers adult entertainment through videos and photographs.  Over the last ten years, Plaintiff has developed its unique content into globally recognized leaders in its specialized field.

28.     Plaintiff's library is comprised of exclusive content that features over 1,000 models shot by its in house directors and photographers.  This library has earned many nominations and awards in the adult industry over the last decade.

29.     Hushpass.com and Interracialpass.com are paid membership sites offering exclusive access to Plaintiff's other websites; a user must be a paid member to one of Plaintiff's

sites to view its works.

30.     Plaintiff has expended considerable resources in the development of its adult entertainment content.  Plaintiff produces, distributes, and is the exclusive licensor of its own videos and photographs in the United States, as well as throughout the world.

31.     In order to protect its valuable content, Plaintiff has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiff has taken industry standard steps to identify its products, including watermarking its videos and photographs with Plaintiff's readily identifiable logo.

32.     Plaintiff has also expended considerable effort and expense in promoting its products and goods sold under its HushHush name.  As a result, the purchasing public has come to know, rely upon and recognize Plaintiff as an international brand of high quality adult entertainment.

33.     Defendants MindGeek USA Inc., MG Freesites, Ltd, MG Billing US, MG Billing EU, MG Billing Ireland, and Licensing International S.a.r.l., on the other hand, rely upon the unauthorized infringing uploaded content of others for its success and profit.  Defendants are owners and/or operators of Pornhubpremium.com and/or are doing business as Pornhubpremium.com.  Defendant Feras Antoon is believed to be one of the directors and/or executives of the companies and directs, controls, and/or assists in determining the content on Pornhubpremium.com.  Collectively and individually, this group is referred to in the adult entertainment industry as "MindGeek," formerly known as "Manwin," a massive consortium of web properties and service companies all working together to support one another for profit.

34.     MindGeek's presence in the adult entertainment industry is evidenced by the websites that it owns and operates, and the traffic they receive.  Mindgeek owns and licenses one of the largest and most heavily trafficked portfolios of premium adult-oriented domain names and trademarks.  Among MindGeek's most popular websites are Pornhub, located at www.pornhub.com; Pornhub Premium, located at pornhubpremium.com; Brazzers, located at www.brazzers.com; Florida based Reality Kings, located at www.realitykings.com; Redtube,

located at www.Redtube.com; YouPorn, located at www.youporn.com; Digital Playground,
located at  www.digitalplayground.com; Tube8, located at www.tube8.com; XTube, located at
www.xtube.com; and GayPorn, located at www.gayporn.com.  MindGeek's affiliations and
licensees include Playboy Plus Entertainment, Inc., Hustler, Penthouse and Vivid Entertainment.

35.     Defendants' own statistical reporting illustrates the scope and size of
Pornhub.com. According to the Defendants' 2014 review, Pornhub.com delivered *78.9 billion*
video, or "11 videos viewed for every person on earth."  Pornhub.com's views and the site
averaged *2.1 million visits per hour,* or *5,800 visits per second.*  The rate that Pornhub.com is
viewed by internet users is virtually unparalleled and astounding.

36.     SimilarWeb, a leading web metrics company, ranks Pornhub as the third most
popular adult website worldwide, the 22nd most popular website in the United States, and the 41st
most popular worldwide, receiving an estimated 585.50 *million* visits a month.

37.     To provide some sense of its immense size, in a 2014 article in the National Post,
Mindgeek was described as follows:

> "MindGeek is a porn provider. Or more accurately, the porn provider.
> Mindgeek has become the porn monopoly, putting industry members in the
> paradoxical position of working for the very company that profits from the
> piracy of their work. The Mindgeek hydra exerts so much force that people in
> the online-porn industry are scared to talk about it for fear of blacklisting."

38.     Among its consortium of websites, Defendants conduct business as
Pornhubpremium.com.  Pornhubpremium.com is a pay website where consumers pay a monthly
fee of $9.99 to receive Exclusive Content, High Quality HD Videos, and no advertisements.
Such website derives direct financial benefit to the Defendants through membership fees.

39.     To support their operation, MindGeek claims to employ over 1,000 full time
employees with offices in Luxembourg, Germany, London, Ireland, Canada, Florida, California,
Cyprus, and Belize.  Defendants compete against Plaintiff in the distribution, display, and sale of
adult-only audio-visual works through Internet distribution.

B.    The Infringement

40.    In 1998, Congress implemented the safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") to protect true internet service providers against liability for copyright infringement which results from the postings of their users.  However, immunity under the DMCA is not presumptive; a party asserting DMCA's safe harbor protections has the burden of demonstrating such entitlement.

41.    Unfortunately, such DMCA safe harbor provisions also have been misused by internet copyright infringers in an attempt to garner protection for websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public.  Such companies believe that copyright owners will be unable to adequately monitor and provide take-down notices to infringers, thereby enabling websites like those owned by Defendants to operate with impunity.  These websites attract internet user attention through offering free viewing of unauthorized copyrighted materials and the unauthorized use of trademarks, providing the user free website content.  For copyright owners like Plaintiff, it is akin to a game of "whack-a-mole."  By the time one video is taken down, five more are added.

42.    Pornhub.com is such a website, displaying copyrighted adult entertainment content without authorization in order to attract users.  Pornhub.com maintains a free site, which enables the upload and viewing of copyrighted materials without permission of the owners of such content.  Pornhub.com is well aware of the overwhelming amount of improperly uploaded content on its website insofar as it receives, among else, countless DMCA notices to take down infringing content.

43.    Nevertheless, and with full knowledge of the extensive uploading of infringing content on its website, Pornhub.com displays adult entertainment content for free, earning money in large part through the sale of advertising on the site.

44.    Pornhub.com, however, owns and operates not only a free website, where adult video content can be viewed without charge, but also a pay site where subscribers pay a monthly

fee to access adult content.  Infringing adult content is uploaded onto the Pornhub.com website, utilized by Defendants to collect Plaintiff's copyrighted works for unlawful and unauthorized display.  Defendants than, on their own, transfer, direct and control such content so that it can be viewed on Defendants' new *pay-only membership site,* Pornhubpremium.com.  Once on the Pornhubpremium.com website, members can download any content they desire, including infringing content, an unlimited number of times.  There are no limits as to how someone can further use or replicate a video once on the Pornhubpremium.com website.  In addition, the file is accessible to anyone on the internet.  Thus, Defendants offer nothing less than a file distribution network that relies upon infringed content.  It is merely a pirate network in the adult entertainment industry.

45.    Defendants only recently developed Pornhubpremium.com.  It is not registered as an internet service provider, as required to be afforded safe harbor protection.  Instead, Pornhubpremium.com is a membership pay site wherein Defendants offer its members access to its content, but in a higher HD format, without advertisements, and the capability to download the videos, all for the price of $9.99 per month.  In fact, viewers on Pornhub.com are specifically offered to join Pornhubpremium.com if they desire to watch the videos in high definition.  Internet users can also proceed directly to Pornhubpremium.com and purchase a membership.

46.    Plaintiff discovered numerous copyrighted works on Pornhubpremium.com that were not provided by Plaintiff, and were not authorized for display on Pornhubpremium.com.  Defendants transferred, directed or provided access to Plaintiff's copyrighted video content on its pay site, and utilized them for direct financial gain, charging internet users money to view the videos in high definition, without interruption of advertising, and to download the videos.

47.    Defendants are, and were, aware that Plaintiff did not agree to, or authorize, the use of its copyrighted materials on Pornhubpremium.com.  Plaintiff has sent Defendants numerous DMCA notices with respect to Pornhub.com.  Defendants, through their website Pornhubpremium.com, have nevertheless offered Plaintiff's infringed content with knowledge that Plaintiff did not authorize such use, display or distribution.  Defendants merely react once

they receive a DMCA notice, but take no steps to prevent infringing content from being uploaded at inception.

48.     The Terms of Service for Pornhubpremium.com indicate that members of Pornhubpremium are permitted to upload videos on Pornhubpremium.com, granting Defendants a license to display the videos upon uploading to the site.  The Terms of Service also dictate that a user's upload is confirmation by the user that the user has a license to post the video and to grant Defendants further license to use the video.  However, Plaintiff's copyrighted videos on Pornhubpremium.com were not uploaded by members of Pornhubpremium.com.  The posting dates of the videos and photographs predate the inception of Pornhubpremium.  And, the videos mirror Plaintiff's copyrighted works displayed without authorization on Pornhub.com.

49.     In short, Defendants make money through its premium website's monthly subscription fee.  Defendants' "premium" website contains content owned by Plaintiff that was downloaded, transferred, directed or otherwise provided access by Defendants from their free site to their pay site so that Defendants could directly benefit from infringement of Plaintiff's content.

50.     Beginning in or about September 2015, Plaintiff discovered that Defendants' website Pornhubpremium.com was displaying forty-seven (47) of Plaintiff's separate copyright registered works over 304 separate and distinct URLs.  Each URL is a part of Pornhubpremium.com.  Defendants have no authority, and received no license, to display or distribute any portion of Plaintiff's copyrighted works.  These works are purported by Defendants to have been uploaded by third party internet users.  However, since the uploads pre-date the development of Pornhubpremium.com, they clearly could not have been uploaded to the Pornhubpremium.com website by such third parties.  These copyrighted works and their corresponding Pornhubpremium.com page are listed in Exhibit "A," attached hereto.

51.     Defendants are well aware of the massive infringement occurring on Pornhubpremium.com.  Their need for content depends upon it.  Interestingly, all individuals who upload content are supposed to register with Mindgeek in order to have the ability to upload

12

content.  However, many of those individuals are identified as "unknown," thereby calling into question who it is that is actually uploading content to Defendants' website.  Regardless, Defendants have infringed upon Plaintiff's copyrights for which damages and injunctive relief is requested.

## CLAIMS FOR RELIEF
## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
### (Against All Defendants)

52.     Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.     Plaintiff holds the registered copyright on each of the infringed works alleged herein, and identified on Exhibit "A", and made a part hereof.  Plaintiff registered each copyright with the United States Copyright Office, and maintains the control of the copyrights and distribution rights to the adult content videos.

54.     Plaintiff was also the producer and registered owner of the visual works illegally and improperly reproduced and distributed by Defendants.

55.     Mindgeek and Antoon, without the authorization, consent or ratification, copied, reproduced, reformatted, and/or distributed Plaintiff's copyrighted works to Pornhubpremium.com by and through servers and/or hardware owned, operated and/or controlled by Defendants.  By virtue of the operation of Pornhubpremium.com, Defendants unlawfully distributed Plaintiff's copyrighted works, including those on Exhibit "A" hereto, by transmitting unauthorized copies to downloading users in violation of the Copyright Act, 17 U.S.C. §106.

56.     Defendant Mindgeek is directly liable for such infringement under the Copyright Act.  The infringing materials reside on Defendants' servers, which are controlled by the Defendants.  Mindgeek causes and effect the acts of infringement by allowing users to transmit

copies from Mindgeek's servers to the computers of its users.  Still further, Mindgeek promotes its content with extensive advertisements and URL links to entice users to download its content, including the infringing content owned by Plaintiff.  Mindgeek's conduct amounts to active unlawful distribution of Plaintiff's copyrighted material.

57.    Moreover, Plaintiff's infringing content was initially uploaded to Pornhub.com. However, after Defendants developed Pornhubpremium.com, Defendants, transferred, controlled and/or directed Pornhub.com's content, including the infringing content of Plaintiff, to its pay site so that those members could view the materials in higher quality, with no advertisements. Defendants, thus, controlled the content for purposes of its pay site, Pornhubpremium.com.

58.    Defendants, and each of them, are jointly and severally liable for each act of Mindgeek's direct infringement as alleged herein because they personally directed, participated in or benefitted from Mindgeek's infringing conduct.

59.    Defendants did not have authority or license to copy and/or display Plaintiff's original works, and Defendants knew or reasonably should have known they did not have permission to exploit Plaintiff's works on Pornhubpremium.com, and further knew or should have known that their acts constituted copyright infringement.

60.    Defendants sued herein as DOES 1 through 50 are equally liable under the Copyright Act for the acts of infringement set forth herein by acting in concert with the Defendants to operate Pornhubpremium,com, and infringe on Plaintiff's copyrighted works.

61.    Defendants also actively promote their Pornhubpremium.com website and content, ensuring that the content on their servers, and that the URL links to such infringing content files, are widely disseminated on the Internet and advertised and promoted to secure members and provide access to the infringing content.

62.    Defendants further made no attempt to discover the copyright owners of the pirated works, and also failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

63.    The foregoing acts of infringement by Defendants have been willful, intentional

and purposeful, in complete and utter disregard of Plaintiff's rights.

64.     Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.  *See* 17 U.S.C. §501.

65.     As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S. C. §504(b).

66.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

67.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

68.     Plaintiff further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

69.     Defendants' conduct is causing, and will continue to cause, unless enjoined and restrained by this Court, great and irreparable injury that cannot be fully compensated monetarily.  Insofar as Plaintiff has no adequate remedy at law, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrights, pursuant to 17 U.S. C. §502.

## COUNT II

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

**(Against All Defendants)**

70.     Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 51, inclusive, as if fully set forth herein.

71.     Defendants own and operate Pornhubpremium.com through which Plaintiff's copyrighted materials are offered for download to third parties, without Plaintiff's permission, authorization or consent.

72.     Unknown individuals who are users of Pornhubpremium.com have infringed, and continue to infringe, on Plaintiff's copyrights, including without limitation those works identified on Exhibit "A", by reproducing and distributing works owned by Plaintiff, in violation of the laws and the Copyright Act, 17 U.S.C. §106.  Defendants are liable as contributory or secondary infringers under the Copyright Act for each infringing reproduction and distribution by Pornhubpremium.com and it users.

73.     Defendants contributed to the infringing acts of its users, as follows:

a.     Defendants were aware, should have been aware, or were willfully blind to the infringing activity.  Defendants own and operate a pay website through which they directly benefit, with the object of promoting the use and downloading of Pornhubpremium.com's video content which includes infringing content owned by Plaintiff.  Defendants had actual or constructive knowledge of massive copyright infringement on its website, and of Plaintiff's copyrighted works, including, without limitation, by means of repeated notices by Plaintiff and other copyright holders concerning infringing files.

b.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' website without regard to copyright ownership.  Defendants allowed access to Pornhub.com content through Pornhubpremium.com and, despite its terms and conditions, such content was not uploaded by users on the Pornhubpremium.com website, or alternatively, transferred, directed or assigned the content on Pornhub.com to Pornhubpremium.com.

c.     Defendants had the ability and obligation to control and stop the infringement, yet failed to do so.

d.     Defendants have engaged in the business of knowingly inducing, causing,

16

and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works.  Defendants cross-promote Pornhubpremium.com through its other URLs, and entices through other URLs access and improper downloading of Plaintiff's infringed content.

74.     Defendants received direct financial benefit from the infringements.  On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

75.     Defendants, and each of them, are jointly and severally liable for each act of Mindgeek's direct infringement as alleged herein because they personally directed, participated in or benefitted from Mindgeek's infringing conduct.

76.     Defendants did not have authority or license to copy and/or display Plaintiff's original works, and Defendants knew or reasonably should have known they did not have permission to exploit Plaintiff's works on Pornhubpremium.com, and further knew or should have known that their acts constituted copyright infringement.

77.     Defendants sued herein as DOES 1 through 50 are equally liable under the Copyright Act for the acts of infringement set forth herein by acting in concert with the Defendants to operate Pornhubpremium,com, and infringe on Plaintiff's copyrighted works.

78.     Defendants also actively promote their Pornhubpremium.com website and content, ensuring that the content on their servers, and that the URL links to such infringing content files are widely disseminated on the Internet and advertised and promoted to secure members and provide access to the infringing content.

79.     The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

80.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is

entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

81.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

82.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 § 505.

83.     Defendants' conduct is causing, and will continue to cause, unless enjoined and restrained by this Court, great and irreparable injury that cannot be fully compensated monetarily.  Insofar as Plaintiff has no adequate remedy at law, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrights, pursuant to 17 U.S. C. §502.

## COUNT III

### VICARIOUS COPYRIGHT INFRINGEMENT

### (Against All Defendants)

84.     Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 51, inclusive, as if fully set forth herein.

85.     Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' website, directly infringing Plaintiff's copyrighted works.

86.     Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

87.     Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.  Defendants could have supervised and controlled its user's infringing activity, terminating infringing users, not permitting "unknown" users to upload material, policing its computer service to disable access to infringing content, and/or implementing industry standard technologies or policies that would have substantially curtailed

infringing uses of Pornhubpremium.com. Defendants could have also contacted copyright owners to confirm authorized uploads, which would have insured against infringing uploads. Since Defendants actively operated and supervised the operation of their business, and control the content that can be uploaded on their websites, Defendants controlled infringing user's conduct.

88.     Defendants received direct financial benefit and profit from those infringing activities and its users' copyright infringement. Defendants' business model was dependent upon substantial adult content. Such copyrighted works acted as a draw that attracted users to whom Defendants sold memberships in Pornhubpremium.com, including infringing content. Defendants charged a monthly membership fee to its users to access its content, and included infringing content owned by Plaintiff.

89.     The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

90.     The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights, including the unauthorized reproduction and distribution of Plaintiff's copyrighted worked, including those listed on Exhibit "A" hereto, in violation of the Copyright Act, 17 U.S.C. §106.

91.     Defendants, and each of them, are jointly and severally liable for each act of Mindgeek's direct infringement as alleged herein because they personally directed, participated in or benefitted from Mindgeek's infringing conduct.

92.     Defendants did not have authority or license to copy and/or display Plaintiff's original works, and Defendants knew or reasonably should have known they did not have permission to exploit Plaintiff's works on Pornhubpremium.com, and further knew or should have known that their acts constituted copyright infringement.

93.     Defendants sued herein as DOES 1 through 50 are equally liable under the Copyright Act for the acts of infringement set forth herein by acting in concert with the Defendants to operate Pornhubpremium,com, and infringe on Plaintiff's copyrighted works.

94.     Defendants also actively promote their Pornhubpremium.com website and content, ensuring that the content on their servers, and that the URL links to such infringing content files are widely disseminated on the Internet and advertised and promoted to secure members and provide access to the infringing content.

95.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

96.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

97.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

98.     Defendants' conduct is causing, and will continue to cause, unless enjoined and restrained by this Court, great and irreparable injury that cannot be fully compensated monetarily.  Insofar as Plaintiff has no adequate remedy at law, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrights, pursuant to 17 U.S. C. §502.

## COUNT IV

### INDUCEMENT OF COPYRIGHT INFRINGEMENT

### (Against All Defendants)

99.     Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 51 as if fully set forth herein.

100.    Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material.  As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff's copyrighted works.  These individuals reproduced, distributed and publicly disseminated

Plaintiff's copyrighted works through Defendants' website.

101.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

102.    The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights, including the unauthorized reproduction and distribution of Plaintiff's copyrighted worked, including those listed on Exhibit "A" hereto, in violation of the Copyright Act, 17 U.S.C. §106.

103.    Defendants, and each of them, are jointly and severally liable for each act of Mindgeek's direct infringement as alleged herein because they personally directed, participated in or benefitted from Mindgeek's infringing conduct.

104.    Defendants did not have authority or license to copy and/or display Plaintiff's original works, and Defendants knew or reasonably should have known they did not have permission to exploit Plaintiff's works on Pornhubpremium.com, and further knew or should have known that their acts constituted copyright infringement.

105.    Defendants sued herein as DOES 1 through 50 are equally liable under the Copyright Act for the acts of infringement set forth herein by acting in concert with the Defendants to operate Pornhubpremium,com, and infringe on Plaintiff's copyrighted works.

106.    Defendants also actively promote their Pornhubpremium.com website and content, ensuring that the content on their servers, and that the URL links to such infringing content files are widely disseminated on the Internet and advertised and promoted to secure members and provide access to the infringing content.

107.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

108.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

109.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

110.    Defendants' conduct is causing, and will continue to cause, unless enjoined and restrained by this Court, great and irreparable injury that cannot be fully compensated monetarily.  Insofar as Plaintiff has no adequate remedy at law, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrights, pursuant to 17 U. S. C. §502.

**WHEREFORE**, Plaintiff HUSHHUSH ENTERTAINMENT, INC., a California corporation, d/b/a Hush Hush Entertainment, Hushpass.com and Interracialpass.com, requests the following relief with respect to each and all Counts set forth herein:

1.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns, parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(a)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

(b)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works on any website owned or operated by Defendants, including but not limited to Pornhubpremium.com; and

(c)      Marketing or selling any product containing or utilizing Plaintiff's intellectual property or business values.

2.      That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery linked  to  www.Pornhubpremium.com, and the content therein to Plaintiff;

3.      That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

4.      That Plaintiff be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiff's damages and lost profits, Defendants' profits, all from the date of first infringement;

5.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

6.      That Plaintiff be awarded enhanced damages according to proof at trial;

7.      The Plaintiff be awarded attorney's fees incurred herein;

8.      That Plaintiff be awarded pre-judgment and post-judgment interest;

9.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

10.      That such other relief be awarded to Plaintiff as the Court deems appropriate.

DATED:  October 16, 2015.

Respectfully submitted,

By: _____s/Brooks C. Miller_____
Brooks C. Miller, Esq., Florida Bar No. 316695
Brooks C. Miller , P.A.
4300 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 372-0900
Facsimile: (305) 372-0660
E-mail:  bmiller@brooksmiller.com

and:

Lawrence C. Ecoff, Esq.
Ian S. Landsberg, Esq.
Ecoff Landsberg, LLP
280 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Telephone: (310) 887-1850
Facsimile: (310) 887.1855
E-mail: ecoff@ecofflandsberg.com
Counsel for Plaintiff
(*Pro Hac Vice to be filed*)

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the

Federal Rules of Civil Procedure.

DATED:  October 16, 2015.

Respectfully submitted,

By: _____s/Brooks C. Miller_____
Brooks C. Miller, Esq., Florida Bar No. 316695
Brooks C. Miller , P.A.
4300 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 372-0900
Facsimile: (305) 372-0660
E-mail:  bmiller@brooksmiller.com

and:

Lawrence C. Ecoff, Esq.
Ian S. Landsberg, Esq.
Ecoff Landsberg, LLP
280 South Beverly Drive, Suite 504
Beverly Hills, CA  90212
Telephone: (310) 887-1850
Facsimile: (310) 887.1855
E-mail: ecoff@ecofflandsberg.com
Counsel for Plaintiff
(*Pro Hac Vice to be filed*)