UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-23888-JEM

HUSHHUSH ENTERTAINMENT, INC., a California
corporation d/b/a Hush Hush Entertainment,
Hushpass.com and Interracialpass.com,

        Plaintiff,

v.

MINDGEEK USA, INC., a Delaware corporation,
d/b/a PORNHUBPREMIUM.COM MINDGEEK
USA, INC., a Delaware corporation, individually and
doing business as MINDGEEK USA INC., a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG FREESITES,
LTD, a Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING US, a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING EU, a
Delaware corporation, individually and d/b/a
PORNBHUBPREMIUM.COM; MG BILLING
IRELAND, a Delaware corporation, individually and
d/b/a PORNHUBPREMIUM.COM; LICENSING IP
INTERNATIONAL S.A.R.L., a foreign corporation
d/b/a PORNHUBPREMIUM.COM; FERAS
ANTOON, an individual; and DOES 1 – 50,

        Defendants.

_____

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

    Defendants MindGeek USA Incorporated, MG Freesites Ltd., MG Billing US Corp., MG

Billing Ireland Limited, Licensing IP International S.à.r.l., and Feras Antoon ("Defendants")

hereby answer the Complaint filed by Plaintiff HushHush Entertainment, Inc. ("Plaintiff") as

follows:

1

## NATURE OF THE CASE

1.      Defendants admit and allege that Defendants, in conjunction with other members of their corporate group, own and operate the website located at www.pornhubpremium.com and known as "Pornhub Premium."  Defendants deny that they have violated Plaintiff's intellectual property rights in any way.  Defendants lack information sufficient to form a belief about Plaintiff's ownership and registration of adult entertainment content, and on that basis deny said allegations.  Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants admit and allege that Defendants, in conjunction with other members of their corporate group, own, operate and manage adult-oriented websites including but not limited to www.pornhub.com, www.pornhubpremium.com, www.youporn.com, www.tube8.com, www.redtube.com, www.xtube.com, www.brazzers.com, www.realitykings.com, and www.digitalplayground.com.  Defendants further admit that among their affiliates is Playboy Plus Entertainment, Inc.  Defendants deny the remaining allegations of Paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4, and on that basis deny them; the published statistics about pornhub.com speak for themselves.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of Paragraph 6.

## THE PARTIES

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7, and on that basis deny them.

8.      Defendant MindGeek USA Incorporated was erroneously sued herein as "MINDGEEK USA, INC., a Delaware corporation, d/b/a PORNHUBPREMIUM.COM." Defendants admit and allege that Defendant MindGeek USA Incorporated is a Delaware corporation with its principal place of business in Burbank, California.  Defendants admit and allege that Defendant MG Freesites Ltd. operates pornhub.com and pornhubpremium.com, and that the content of pornhub.com and pornhubpremium.com speaks for itself.  Defendants reject Plaintiff's definition of "MindGeek."  Defendants deny the remaining allegations of Paragraph 8.

9.      Defendant MG Freesites Ltd. was erroneously sued herein as "MG FREESITES, LTD, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM." Defendants admit and allege that Defendant MG Freesites Ltd. is a Cyprus corporation. Defendants admit and allege that Defendant MG Freesites Ltd. operates pornhub.com and pornhubpremium.com, and that the content of pornhub.com and pornhubpremium.com speaks for itself.  Defendants deny the remaining allegations of Paragraph 9.

10.      Defendant MG Billing US Corp. was erroneously sued herein as "MG BILLING US, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM."  Defendants admit and allege that Defendant MG Billing US Corp. is a Delaware corporation.  Defendants admit and allege that Defendant MG Freesites Ltd. operates pornhub.com and pornhubpremium.com, and that the content of pornhub.com and pornhubpremium.com speaks for itself.  Defendants deny the remaining allegations of Paragraph 10.

11.      Defendants deny the allegations of Paragraph 11, and specifically deny that MG Billing EU exists, has ever existed, or engaged in any of the acts alleged in the Complaint.

12.      Defendant MG Billing Ireland Limited was erroneously sued herein as "MG BILLING IRELAND, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM."  Defendants admit and allege that Defendant MG Billing Ireland Limited is an Irish corporation.  Defendants admit and allege that Defendant MG Freesites Ltd.

3

operates pornhub.com and pornhubpremium.com, and that the content of pornhub.com and pornhubpremium.com speaks for itself.  Defendants deny the remaining allegations of Paragraph 12.

13.     Defendant Licensing IP International S.à.r.l. was erroneously sued herein as "LICENSING IP INTERNATIONAL S.A.R.L., a foreign corporation d/b/a PORNHUBPREMIUM.COM."  Defendants admit and allege that Defendant Licensing IP International S.à.r.l. is a Luxembourg corporation.  Defendants admit and allege that Defendant MG Freesites Ltd. operates pornhub.com and pornhubpremium.com, and that the content of pornhub.com and pornhubpremium.com speaks for itself.  Defendants deny the remaining allegations of Paragraph 13.

14.     Defendants admit that Feras Antoon is a resident of Canada.  Defendants deny the remaining allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15.

16.     Defendants deny the allegations of Paragraph 16.

17.     Defendants deny the allegations of Paragraph 17.

18.     Defendants deny the allegations of Paragraph 18.

## JURISDICTION AND VENUE

19.     Defendants admit that the Complaint purports to be an action for copyright infringement under 17 U.S.C. § 101 et seq.  Defendants deny that Plaintiff has any claim for copyright infringement, under the U.S. Copyright Act or otherwise.  Defendants further deny that Plaintiff is entitled to damages or injunctive relief.

7289769.1

20.     Defendants admit that this Court has subject matter jurisdiction over claims properly brought pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).  Defendants deny that Plaintiff has any claim under the U.S. Copyright Act or otherwise.

21.     Defendants deny that they committed any "tortious act[s]" or any other wrongful conduct in the state of Florida or anywhere else.  Defendants further deny that this Court has personal jurisdiction over them.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 21, and on that basis deny them.

22.     Defendants admit and allege that 705 Washington Avenue, 2nd Floor, Miami Beach, Florida, 33139 is a place of business used by certain members of Defendants' corporate group.  Defendants deny the remaining allegations of Paragraph 22.

23.     Defendants specifically deny that they committed any tortious acts or any other wrongful conduct giving rise to personal jurisdiction in this District.  The remaining allegations of Paragraph 23 are legal conclusions that do not require a response.

24.     The allegations of Paragraph 24 are legal conclusions that do not require a response.

25.     Defendants admit that the Complaint purports to claim venue is proper under 28 U.S.C. § 1391(b), (c), (d), and/or 28 U.S.C. § 1400(a).  Defendants deny that venue is proper and deny the remaining allegations of Paragraph 25.

## COMMON ALLEGATIONS

A.     Background

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26, and on that basis deny them.

7289769.1

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27, and on that basis deny them.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28, and on that basis deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, and on that basis deny them.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30, and on that basis deny them.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31, and on that basis deny them.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32, and on that basis deny them.

33.     Defendants admit and allege that Defendant MG Freesites Ltd. operates pornhubpremium.com and that Defendants, in conjunction with members of their corporate group, own pornhubpremium.com.  Defendants admit and allege that they are colloquially referred to as "MindGeek," and that MindGeek S.à.r.l. was assigned the assets of Manwin Holding S.à.r.l.  Defendants further admit that Defendant Feras Antoon is the Chief Executive Officer of certain of the companies in Defendants' corporate group.  Defendants deny the remaining allegations of Paragraph 33.

34.     Defendants admit and allege that Defendants, in conjunction with other members of their corporate group, own, operate and manage adult-oriented websites including but not limited to www.pornhub.com, www.pornhubpremium.com, www.youporn.com, www.tube8.com, www.redtube.com, www.xtube.com, www.brazzers.com, www.realitykings.com, and www.digitalplayground.com.  Defendants further admit that among

7289769.1

their affiliates is Playboy Plus Entertainment, Inc.  Defendants deny the remaining allegations of Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35, and on that basis deny them; the published statistics about pornhub.com speak for themselves.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36, and on that basis deny them; the published statistics about pornhub.com speak for themselves.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37, and on that basis deny them.

38.     Defendants admit that Defendant MG Freesites Ltd. operates pornhubpremium.com, and that pornhubpremium.com users pay a monthly membership fee of $9.99 to receive:  (1) all of the videos on pornhub.com, (2) certain videos in high definition, (3) certain exclusive videos, (4) no advertisements, and (5) a better user experience.  Defendants deny the remaining allegations of Paragraph 38.

39.     Defendants admit that Defendants' corporate group employs over 1,000 full-time employees, and that Defendants and their affiliated companies maintain offices in Luxembourg, Germany, London, Ireland, Montreal, Florida, California, and Cyprus.  Defendants deny the remaining allegations of Paragraph 39.

B.     The Infringement

40.     The allegations of Paragraph 40 are legal conclusions that do not require a response.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41, and on that basis deny them.

42.     Defendants deny the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants admit and allege that pornhubpremium.com became available to the public in August 2015.  Defendants also admit that pornhubpremium.com charges users a fee of $9.99 a month, in exchange for which they receive access to:  (1) all of the videos on pornhub.com, (2) certain videos in high definition, (3) certain exclusive videos, (4) no advertisements, and (5) a better user experience.  Defendants further admit and allege that pornhub.com contains a link to pornhubpremium.com, and that users can proceed from pornhub.com to pornhubpremium.com to purchase a membership.  Defendants deny the remaining allegations of Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief about what Plaintiff purportedly discovered on pornhubpremium.com, and on that basis deny those allegations.  Defendants deny the remaining allegations of Paragraph 46.

47.     Defendants admit that they have received DMCA notices from Plaintiff with respect to pornhub.com, and further allege that they have taken down all of the allegedly infringing content on pornhub.com identified in proper DMCA notices from Plaintiff. Defendants deny the remaining allegations of Paragraph 47.

48.     Defendants admit that pornhubpremium.com contains a Terms of Service.  The Terms of Service speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 48, and on that basis deny them.

49.     Defendants admit that they charge a monthly subscription fee for pornhubpremium.com.  Defendants deny the remaining allegations of Paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief about what Plaintiff purportedly discovered on pornhubpremium.com, and on that basis deny those allegations.  Defendants deny the remaining allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

## CLAIMS FOR RELIEF

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

### (Against All Defendants)

52.     Defendants reallege their responses to Paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the  allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

7289769.1

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

<u>**COUNT II**</u>

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

70.     Defendants reallege their responses to Paragraphs 1 through 51, inclusive, as if fully set forth herein.

71.     Defendants admit that Defendant MG Freesites Ltd. operates pornhubpremium.com and that Defendants, in conjunction with members of their corporate group, own pornhubpremium.com.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71, and on that basis deny them.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 72, and on that basis deny them.  Defendants deny the remaining allegations of Paragraph 72.

73.     Defendants deny the allegations of Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

10

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

**COUNT III**

**VICARIOUS COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

84.     Defendants reallege their responses to Paragraphs 1 through 51, inclusive, as if
fully set forth herein.

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

87.     Defendants deny the allegations of Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

7289769.1

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

93.     Defendants deny the allegations of Paragraph 93.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

<u>**COUNT IV**</u>

**INDUCEMENT OF COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

99.     Defendants reallege their responses to Paragraphs 1 through 51, inclusive, as if fully set forth herein.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

110.    Defendants deny the allegations of Paragraph 110.

<u>**AFFIRMATIVE DEFENSES**</u>

As separate and distinct affirmative defenses to Plaintiff's alleged claims for relief,

Defendants allege the following, without admission that such allegations are affirmative defenses

on which Defendants bear the burden of proof:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

**(Failure To State A Cause Of Action)**

111.    Plaintiff's Complaint, and each cause of action within it, in whole or in part, fails

to state a cause of action.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

**(DMCA Safe Harbors)**

112.    Plaintiff's claims are barred, in whole or in part, because Defendants are protected

by one or more of the DMCA Safe Harbors codified at 17 U.S.C. § 512.

7289769.1

## THIRD AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

113.    This Court lacks subject matter jurisdiction over claims to enforce copyrights for which Plaintiff has not obtained, or has not pleaded ownership of, validly issued copyright registrations.

## FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

114.    Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright fair use, 17 U.S.C. § 107.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent, Acquiescence, License)

115.    Plaintiff's claims are barred, in whole or in part, by consent, acquiescence, and actual and/or implied license.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

116.    Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

117.    Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.

7289769.1

## EIGHTH AFFIRMATIVE DEFENSE

### (Standing)

118.     Plaintiff's claims are barred, in whole or in part, for lack of standing to the extent they are based on alleged infringement of works for which Plaintiff does not (or did not) own or control the exclusive rights allegedly infringed at the time of alleged infringement.

## NINTH AFFIRMATIVE DEFENSE

### (Fraud On The Copyright Office)

119.     Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged infringement of works for which (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership, or chain of title to the work.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

120.     Plaintiff's claims including damages claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

121.     Plaintiff's claims are barred, in whole or in part, by relevant statutes of limitations, including 17 U.S.C. § 507.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

122.     Plaintiff's claims are barred, in whole or in part, by estoppel.

7289769.1

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

123.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

124.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Damages: Copyright Act)

125.    Plaintiff's claims for statutory damages and attorneys' fees are barred, in whole or in part, by the Copyright Act, 17 U.S.C. § 412.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Damages: Extra-Territoriality)

126.    Plaintiff's claims for damages, including for disgorgement of Defendants' alleged profits, attributable to activities outside the United States are barred by reason of the Copyright Act's territorial limitations and by the lack of subject matter jurisdiction over such extra-territorial claims in proceedings under the U.S. Copyright Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

127.    Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## RESERVATION

### (Other Affirmative Defenses Reserved)

128.    Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**WHEREFORE, Defendants pray as follows:**

1.      That Plaintiff take nothing by the Complaint;

2.      For costs of suit incurred herein;

3.      For attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

4.      For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable in this action.

7289769.1

Date:  December 16, 2015

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP
*Attorneys for Defendants*
11377 W. Olympic Boulevard
Los Angeles, California 90064-1683
Phone: (310) 312-2000
Fax: (310) 312-3100

        and

GRAY ROBINSON, P.A.
*Attorneys for Defendants*
333 S.E. Second Avenue
Suite 3200
Miami, Florida  33131
Karen.Stetson@gray-robinson.com
Phone:  (305) 416-6880
Fax:  (305) 416-6887


By:  /s/  Karen L. Stetson
        Karen L. Stetson
        Florida Bar No: 742937
        Jonathan L. Gaines
        Florida Bar No: 330361

7289769.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to Brooks C. Miller, Esq., Brooks C. Miller, P.A., Attorneys for Plaintiff, 4300 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, FL 33131; and Lawrence C. Ecoff, Esq. and Ian S. Landsberg, Esq., Ecoff Landsberg, LLP, Attorneys for Plaintiff, 280 South Beverly Drive, Suite 504, Beverly Hills, CA 90212, this 16th day of December, 2015.


By: /s/ Karen L. Stetson
        Karen L. Stetson

7289769.1