UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-23888-JEM

HUSHHUSH ENTERTAINMENT, INC., a California
corporation d/b/a Hush Hush Entertainment,
Hushpass.com and Interracialpass.com,

        Plaintiff,

v.

MINDGEEK USA, INC., a Delaware corporation,
d/b/a PORNHUBPREMIUM.COM MINDGEEK
USA, INC., a Delaware corporation, individually and
doing business as MINDGEEK USA INC., a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG FREESITES,
LTD, a Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING US, a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING EU, a
Delaware corporation, individually and d/b/a
PORNBHUBPREMIUM.COM; MG BILLING
IRELAND, a Delaware corporation, individually and
d/b/a PORNHUBPREMIUM.COM; LICENSING IP
INTERNATIONAL S.A.R.L., a foreign corporation
d/b/a PORNHUBPREMIUM.COM; FERAS
ANTOON, an individual; and DOES 1 – 50,

        Defendants.

_____

**PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS**

    THIS MATTER came before the Court upon the parties' Joint Motion for Entry of Protective Order as to Confidential Materials, and the Court, having reviewed the pleadings herein and being otherwise fully advised in the premises, hereby GRANTS the Joint Motion, as follows:

WHEREAS, discovery, pleadings, briefs and other documents filed with the Court or exchanged by the Parties in the above-captioned matter may involve documents containing (i) trade secrets, (ii) or other confidential information;

WHEREAS, the Parties in the above-captioned matter have agreed that it is necessary to establish common procedures to safeguard the confidentiality of the information summarized above and to facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other use of this information;

WHEREAS, good cause therefore exists under Fed. R. Civ. P. 26 for entry of this Protective Order;

IT IS HEREBY ORDERED AND ADJUDGED:

1. <u>Definitions</u>.  The following definitions shall apply to this Order:

    a. "Confidential Information" shall mean any trade secret, including any confidential commercial or financial information, or any other information that any Party to the Litigation or any Producing Party may reasonably characterize as confidential, and that has not previously been made available to the public, as well as all Documents embodying such information.

    b. "Documents" shall mean all written records, electronically stored information or graphic material whatsoever.

    c. "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document and the document's contents.  When any document is designated "Confidential" pursuant to this Protective Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information.

    d.  "Litigation" shall refer, collectively and individually, to the above-captioned matter, and any appeal therefrom through final judgment.

    e.  "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

    f.  "Parties" shall mean the Plaintiff and the Defendants in the above-captioned matter, and other members of Defendants' corporate group.

  2.  <u>Scope of Application</u>.  This Protective Order shall govern all documents and other information and materials produced voluntarily or involuntarily, or in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure. Further, this Order shall govern all documents and materials containing Confidential Information that are submitted in connection with a pleading, brief or other document filed with this Court. This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using any document or information at trial, and shall not serve to preclude the introduction or use of "Confidential" Information in connection with any motion, hearing, pleading or at trial.

  3.  <u>Designation and Limitations on Use of Confidential Information</u>.

    a.  <u>Designation as "Confidential Information."</u>  A Producing Party may designate any document or portion thereof that contains Confidential Information as "Confidential" pursuant to this Order by affixing the legend as provided under subparagraph 1(c) to any document containing, or that the Producing Party believes contains, Confidential Information.

    b.  <u>Limitations on Use of Confidential Information</u>.  All documents, material, or information in this Litigation that are designated "Confidential" may be used only for purposes of the conduct of this Litigation ("Permitted Purpose").  However, in the event any document, material, or information designated as "Confidential" is thereafter

introduced into the record during trial, hearing or other public proceeding, the Parties shall not thereafter be bound or restricted by this Order for any such document, material, or information unless the Producing Party thereafter petitions for and obtains an order sealing any such document, material, or information from the public.  Nevertheless, until any document, material, or information is introduced into the record during trial, hearing or other public proceeding, Confidential Information and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 7 below) and to:

(1) Parties to the Litigation and the employees, officers, agents and directors of such Parties only to the extent necessary for the Permitted Purpose;

(2) inside and outside counsel for the Parties hereto and their paralegals, litigation support staff, and outside copying and litigation support services, or other secretarial and clerical employees only to the extent necessary for the Permitted Purpose;

(3) employees, officers and directors of independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the Parties or counsel for the Parties hereto only to the extent necessary for the Permitted Purpose (but excluding any person regularly employed or engaged by a current or prospective competitor of the Party or third party that designated the material);

(4) deponents and their counsel who have a reasonable need to review this material during the course of, or in connection with, depositions taken in or for the Litigation;

(5) stenographic and court reporters who are involved in depositions, the trial or any hearings or proceeding before the Court in the Litigation;

(6)     third-party witnesses in the Litigation who reasonably need to review this material prior to or in connection with testimony in the Litigation;

(7)     the persons listed on the document as authors or recipients (including copyees); and

(8)     the Court and its officers, and mediator(s) involved in attempting to resolve this Lawsuit.

Confidential Information may be disclosed to persons referred to in this subparagraph only after such persons have been advised of the terms and operation of this Order and have agreed to be bound by its terms.  Persons listed in (3), (4), or (6) of this paragraph shall be requested to sign a Written Assurance in the format attached hereto as Exhibit "A" prior to disclosure to them of Confidential Information.  A copy of each executed Written Assurance shall be retained by counsel of record for the Party obtaining the Written Assurance.  This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Information to any person, without regard to this Order.  No Party shall be limited in its use of documents or information it acquires independently of discovery procedures in this action, notwithstanding any other Party's designation of the same documents or information as "Confidential."  Furthermore, the Parties shall not be precluded from using Confidential Information in connection with deposition if the deponent refuses to sign a Written Assurance, provided however that the Parties may still designate the deposition transcript itself as "Confidential."

4.     <u>Designation of Documents Produced by Third Parties</u>.  Consistent with the terms and provisions of this Order, any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, provided that such document contains Confidential Information of the designating Party.

# 2043726 v1

5

a.  Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within fourteen (14) calendar days of receipt of such notice (or such other time as may be agreed), return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

b.  Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order.

5.  <u>Designation of Transcripts</u>.

a.  In the case of Confidential Information revealed during a deposition, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel on the record, or is otherwise made before the stenographer transcribing such deposition has disseminated to counsel for the Parties the transcript thereof, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages or testimony of the transcript, and to each copy thereof.

b.  If a deposition transcript has not previously been designated as "Confidential" prior to its preparation by the stenographer, counsel for a Party may alternatively designate a deposition transcript or a portion thereof, disclosing, containing or referring to any Confidential Document or Confidential Information hereunder as "Confidential" by informing counsel for all other Parties to this action in writing within thirty (30) calendar days after receipt

of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Information pursuant to this Order. Upon receipt of such notice, any Party in possession of copies of such designated transcript shall affix the appropriate Legend thereto. Until the receipt of such designation, the transcript shall be presumed to contain Confidential Information.

6. <u>Copies</u>. All copies of any Confidential Information shall also constitute and be treated as Confidential Information as provided in this Order. Any person making, or causing to be made, copies of any Confidential Information shall make certain that each such copy bears the Legend pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

7. <u>Filing Confidential Information With Redactions and Under Seal</u>. Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments, or at trial in this action, either as exhibits or as the basis for questions. In any motion, brief, or other papers filed with the Court referring to Confidential Information, any document or paper that contains Confidential Information shall utilize redaction whenever possible to protect the Confidential Information. But if redaction is not feasible or sufficient to protect the Confidential Information, then any document or paper that contains Confidential Information shall be filed under seal, in accordance with Local Rule 5.4(b). Provided however that if the Court fails or refuses to permit the filing under seal, or does not regard the information as "Confidential," the Party may file such document identified as "Confidential," or use such Confidential Information in connection with any motion, unredacted and not under seal. The Court's failure or refusal to permit an

under seal filing shall not preclude the use of such document or Confidential Information for any purpose in the Litigation.

8. <u>Objections to Designation</u>.  Any Party (the "Requesting Party") may request in writing that any information or document designated as "Confidential" be released from the requirements of this Order, and, unless otherwise agreed in writing, the Producing Party shall meet and confer with the Requesting Party within twenty-one (21) calendar days of a written request.  The written request shall specifically identify the information or document challenged by the Requesting Party (by Bates numbers) and include a statement of the legal or factual basis for each objection.  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party must make an application within fourteen (14) calendar days of the meet and confer session for a ruling from the Court on the continued application of the "Confidential" designation of such information or document.  In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review, and the terms of this Order shall continue to apply to such information or document until the Court rules on the application.  Further, and in the event that such application is made, the prevailing party with respect to any such application shall be entitled to reimbursement of that party's reasonable attorney's fees and costs incurred in making the application and securing a decision from the Court.  The "prevailing party" shall be deemed that party in whose favor the Court ruled, provided however that fees and costs shall only be awarded if the Court finds that the losing party's position lacked substantial justification.

9. <u>Objections Not Waived</u>.  Notwithstanding anything to the contrary contained herein, all objections, including any discovery or evidentiary objections, are reserved and are not waived by any terms of this Order.

# 2043726 v1

10. <u>Modifications</u>. Any Party hereto may apply to the Court, on reasonable notice to all Parties, for relief from or modification of any provision of this Protective Order. Furthermore, each Party reserves the right to seek additional protection from the Court for any specific documents, or categories of documents, that it contends should be designated "Highly Confidential – Attorneys' Eyes Only," and only disclosed to the categories of persons listed in Paragraphs 3(b)(2), 3(b)(3), 3(b)(5), 3(b)(7), and 3(b)(8). In no event shall any party hereto disclose "Confidential" information except as permitted under the terms of this Protective Order prior to the judicial determination of any dispute.

11. <u>Continuation of Protection After Disposition</u>.

a. The termination of proceedings in the Litigation shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this Order, unless the Court orders or permits otherwise, or unless the Confidential Information was introduced at trial, hearing or other public proceeding without the Producing Party thereafter petitioning for and obtaining an Order that any such Confidential Information be permanently sealed from public access.

b. Upon the final disposition of the Litigation, including any settlement obligations, and a written notice from the Producing Party in that matter, the attorneys for the other Parties shall return to the Producing Party from whom it was obtained any document that has been designated "Confidential" and all copies thereof, including any such copies disclosed to persons identified in subparagraph 3(b), within twenty-one (21) calendar days. As to any "Confidential" materials which contain the Receiving Party's attorney work product notes, those materials will be destroyed and proof of destruction will be provided to the Producing Party. Provided, however, that counsel of record for the Parties may retain one copy of documents

constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and exhibits.

12.     <u>Inadvertent Production of Confidential Information</u>.  If, through inadvertence, a Producing Party produces any document or portion thereof that contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under subparagraph 1(c), the Producing Party may subsequently designate the document as Confidential Information.  Upon receiving written notice that, through inadvertence, a Producing Party has produced any document or portion thereof that contains Confidential Information but failed to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under subparagraph 1(c), the party receiving the notice shall take prompt steps to retrieve the document or portion thereof that contains Confidential Information from any and all persons who would not otherwise be entitled to receive the document or portion thereof that contains Confidential Information had the Legend been placed thereon prior to disclosure and/or production thereof.

13.     <u>Inadvertent Production of Privileged Information</u>.  Inadvertent production of information that a Producing Party later claims should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work-product doctrine, shall not constitute a waiver of, or estoppel as to, any claim of privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled.  If the Receiving Party discovers that it has received privileged documents that were inadvertently produced, it shall notify the Producing Party immediately and, upon request by the Producing Party, shall return or destroy all copies of the identified materials within ten (10) calendar days. When a Producing Party gives notice to the other Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (whether or not designated

"Confidential" under the terms of this Order), the other Parties shall return or destroy all copies of the identified materials within ten (10) calendar days of the receipt of notice of the inadvertent production. If a Party disputes the inadvertent production/privilege claim, that Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) calendar days of the receipt of the notice of inadvertent production. The Producing Party and Receiving Party shall, within ten (10) calendar days of a notice of dispute, meet and confer in good faith regarding the dispute. In the event that the Parties do not resolve the dispute, the Party challenging the privilege may bring a motion for a determination of whether the privilege applies. If such a motion is made, no Party shall object to *in camera* review of the disputed material and the Producing Party will provide the disputed material to the Court for such a review. Nothing in this Order shall preclude a Party from arguing that a privilege or protection is waived for any reason other than inadvertent production.

14. <u>Limitation.</u> Nothing in this Order shall be read, construed or interpreted to suggest or otherwise imply that every document or information exchanged during the course of this Litigation will qualify as Confidential Information.

DONE AND ORDERED at Miami, Florida, this ___ day of _____, 2016.

_____
Hon. Jose E. Martinez
United States District Court Judge

# EXHIBIT A

I, _____, hereby certify that I have read and understand the provisions of the Protective Order (the "Order), entered in the United States District Court for the Southern District of Florida in the action titled *HushHush Entertainment, Inc. v. MindGeek USA, Inc., et al.*, CASE NO. 1:15-cv-23888-JEM.

I understand that my use of any and all documents, information and materials in this Litigation is governed by all terms and conditions of the Order and that such information shall not be copied, disseminated, or otherwise used for any purposes unrelated to the Litigation, including future business dealings.  I hereby certify that I will comply fully with those terms and conditions where applicable.  I agree to submit to the jurisdiction of this Court for the limited purpose of enforcement of the terms of this Protective Order.

Name: _____

Address: _____

_____

Signed at _____, this \_\_\_\_\_ day of _____, 2016.

1

# 2043726 v1