# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:15-cv-23888-JEM

HUSHHUSH ENTERTAINMENT, INC., a California
corporation d/b/a Hush Hush Entertainment,
Hushpass.com and Interracialpass.com,
                    Plaintiff,
v.

MINDGEEK USA, INC., a Delaware corporation,
d/b/a PORNHUBPREMIUM.COM MINDGEEK
USA, INC., a Delaware corporation, individually and
doing business as MINDGEEK USA INC., a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG FREESITES,
LTD, a Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING US, a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING EU, a
Delaware corporation, individually and d/b/a
PORNBHUBPREMIUM.COM; MG BILLING
IRELAND, a Delaware corporation, individually and
d/b/a PORNHUBPREMIUM.COM; LICENSING IP
INTERNATIONAL S.A.R.L., a foreign corporation
d/b/a PORNHUBPREMIUM.COM; FERAS
ANTOON, an individual; and DOES 1 – 50,
                    Defendants.

---

## DEFENDANT MG FREESITES LTD.'S RESPONSES TO PLAINTIFF HUSHHUSH ENTERTAINMENT, INC.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:    Plaintiff HUSHHUSH ENTERTAINMENT, INC.

RESPONDING PARTY:    Defendant MG FREESITES LTD.

SET:    ONE

7570712.1

1

Pursuant to Federal Rules of Civil Procedure 34 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, Defendant MG Freesites Ltd. (hereinafter "Defendant") hereby responds to Plaintiff HushHush Entertainment, Inc.'s ("Plaintiff's") First Set of Request for Production of Documents ("Requests"), as follows:

## PRELIMINARY STATEMENT

1.      These responses are made solely for the purposes of this action. Any documents provided in response to any particular Request are provided subject to and without waiving all objections, all of which are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.      The following responses, and any documents produced in response to the Requests, are based upon information presently available to and located by Defendant. Defendant has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Requests. Defendant specifically reserves the right to amend and/or supplement these responses and its document production at any time and produce evidence of any subsequently discovered facts. Defendant reserves all rights to rely at trial or for any purpose in connection with this action upon any and all information and documents, whether or not provided in response to any particular Request. Nothing stated herein shall constitute or be construed as a waiver of Defendant's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admission is intended by the responses herein. The fact that Defendant has agreed to respond to any particular Request is not intended, and shall not be construed as, a waiver by Defendant of any part of any objection to any such Request, or any part of any General Objection. The fact that Defendant responds or objects to any particular Request

2

or part thereof, or produces any document in response to the Requests, is not intended and shall not be construed as an admission that Defendant accepts or admits the existence of any facts set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

## GENERAL OBJECTIONS

1.      Plaintiff objects to Plaintiff's Instructions and Definitions, and to each and every Request, to the extent they purport to impose obligations on Defendant different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Southern District of Florida, and/or the Court's Scheduling Order.

2.      Defendant objects to each Request to the extent that the Request seeks documents not within Defendant's possession, custody, or control and/or solely within the possession, custody, or control of entities other than Defendant.  These responses are provided only on behalf of Defendant, and Defendant will only produce documents within its own possession, custody, or control.

3.      Defendant objects to each Request on the ground that discovery is ongoing, and it has not completed its investigation of this action.  These responses hereinafter are based on Defendant's knowledge, information, and belief at this time, and are made without prejudice to the following objections, and are based on Defendant's diligent search of those records that it has located and that it reasonably believes would contain the documents sought.  Defendant reserves the right to amend and/or supplement these responses.

4.      Defendant objects to each Request to the extent it is unlimited as to time. Defendant will limit its document production to the period from October 1, 2012 to the present.

3

5.      Defendant objects to each Request to the extent that the Request seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines. Defendant shall not provide documents so protected. Because the Requests are overbroad, unduly burdensome and harassing, and/or vague, ambiguous, and unintelligible, Defendant cannot always determine whether a Request may be reasonably construed as seeking privileged or protected documents or information. To the extent that a Request may be construed as seeking documents subject to the attorney-client privilege or attorney work product doctrine, Defendant hereby claims the attorney-client privilege and invokes the attorney work product doctrine as to such Request. The fact that Defendant does not specifically object to an individual Request on the ground that it seeks documents subject to the attorney-client privilege and/or attorney work product doctrine is not deemed a waiver of the protection of non-disclosure afforded by the attorney-client privilege or work product doctrine, or any other applicable privilege or doctrine.

6.      Defendant objects to each Request to the extent that the Request seeks information that is highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

7.      Defendant objects to each Request to the extent that the Request seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, state or federal statutes, any relevant state Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, documents containing private and sensitive information regarding Defendant's employees, agents, and customers.

8.      Defendant objects to each Request to the extent it seeks discovery that is not proportional to the needs of the case.

4

9.       Defendant objects to each Request to the extent that it calls for the production of electronically stored information that is not reasonably accessible because of undue burden or cost.

10.     Defendant objects to each Request to the extent it demands information that is likely to be the subject of expert testimony. Defendant will make its expert disclosures at the appropriate time and in the appropriate manner.

11.     Defendant objects to the term "RELATING TO" on the ground that it is vague and ambiguous, overbroad, unduly burdensome, oppressive, and harassing, including because the definition thereof includes all information "in any other way being relevant to that given subject."

12.     Defendant objects to the terms "YOU," "YOURSELF," and "YOUR" on the grounds that they are overbroad, unduly burdensome, oppressive, and harassing, including because their definition purports to include "any other person and/or entity acting in concert with [Defendant] or acting or purporting to act on [Defendant's] behalf." Defendant construes the terms "YOU," "YOURSELF," and "YOUR" as referring solely to MG Freesites Ltd., and its respective agents.

13.     The foregoing General Objections are incorporated into each individual response below without further reference.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between HUSH and YOU RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll agreements." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between STODDARD and YOU RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll agreements." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All drafts of agreements between HUSH and YOU RELATING TO the WORKS.

7570712.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll drafts of agreements". For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because to the extent such "drafts" exist they would contain Defendant's attorneys' mental impressions.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All drafts of agreements between STODDARD and YOU RELATING TO the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll drafts of agreements". For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because to the extent such "drafts" exist they would contain Defendant's attorneys' mental impressions.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

7570712.1

**REQUEST FOR PRODUCTION NO. 5:**

All DMCA NOTICES received by Pornhubpremium.com from or on behalf of HUSH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll DMCA notices." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects that this Request is vague, ambiguous and overbroad as to "on behalf of HUSH"; Defendant will limit its production to those DMCA notices clearly identifiable as being sent by Plaintiff or its agents. Additionally, Defendant objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce all DMCA NOTICES provided to Pornhubpremium.com by Plaintiff or its agents from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All DMCA NOTICES provided to Pornhubpremium.com by any individual or entity from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll DMCA notices." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it does not limit the documents sought to those pertaining to Plaintiff or the works at issue. For the same reasons, Defendant objects that this Request is not

proportional to the needs of the case.  Additionally, Defendant objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce all DMCA NOTICES provided to Pornhubpremium.com by Plaintiff or its agents from January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All DMCA NOTICES received by Pornhub.com from or on behalf of HUSH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll DMCA notices."  For the same reasons, Defendant objects that this Request is not proportional to the needs of the case.  Defendant also objects that this Request is vague, ambiguous and overbroad as to "on behalf of HUSH"; Defendant will limit its production to those DMCA notices clearly identifiable as being sent by Plaintiff or its agents.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce all DMCA NOTICES provided to Pornhub.com by Plaintiff or its agents from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 8:**

All DMCA NOTICES provided to Pornhub.com by any individual or entity from October 1, 2012 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for

7570712.1

"[a]ll DMCA notices." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it does not limit the documents sought to those pertaining to Plaintiff or the works at issue. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce all DMCA NOTICES provided to Pornhub.com by Plaintiff or its agents from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the policies and procedures concerning the uploading of content on Pornhubpremium.com's website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague, ambiguous, and unintelligible including in its use of the undefined terms "the uploading of content" and "policies and procedures." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including drafts of Defendant's policies and procedures, and legal advice from counsel concerning those policies and procedures.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce the terms of service for Pornhub.com and Pornhubpremium.com.

7570712.1

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO the policies and procedures concerning the uploading of content on Pornhub.com's website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague, ambiguous, and unintelligible including in its use of the undefined terms "the uploading of content" and "policies and procedures." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including drafts of Defendant's policies and procedures, certain internal policies and procedures, and legal advice from counsel concerning those policies and procedures.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce the terms of service for Pornhub.com and Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 11:**

All merchant account agreement(s) for any and all merchant accounts used with respect to monies received for monthly subscriptions to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll merchant account agreement(s)." Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "merchant account agreement(s)" and "merchant accounts." Defendant further

objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because it does not limit the documents sought to those pertaining to the present controversy. For the above reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Additionally, Defendant objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and HUSH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll communications." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

All merchant account agreement(s) RELATING TO merchant accounts opened to handle monetary transactions with respect to any individual purchasing subscriptions through the Pornhubpremium website, including but not limited to the members area of Pornhubpremium.com.

12

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll merchant account agreement(s)." Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "merchant account agreement(s)," "merchant accounts," and "members area." Defendant further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because it does not limit the documents sought to those pertaining to the present controversy. For the above reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Additionally, Defendant objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO the registration of the Pornhubpremium.com's DMCA agent, with the United States Copyright office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents that may include privileged communications

13

between Defendant and its attorneys regarding registration of the DMCA agent, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO the registration of the Pornhub.com's DMCA agent, with the United States Copyright office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents that may include privileged communications between Defendant and its attorneys regarding registration of the DMCA agent, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO Pornhub.com's repeat infringer policies and procedures.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents that may include privileged communications between Defendant and its attorneys regarding the repeat infringer policy as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present sufficient to reflect the adoption, communication, and implementation of Pornhub.com's repeat infringer policies.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO Pornhubpremium.com's repeat infringer policies and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents that may include privileged communications between Defendant and its attorneys regarding the repeat infringer policy as well as attorney work product related to the same.

7570712.1

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control for the period from October 1, 2012 to the present sufficient to reflect the adoption, communication, and implementation of Pornhubpremium.com's repeat infringer policies.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that constitute or RELATING TO any payments made by HUSH to YOU with respect to the HushHush Entertainment producer's account on Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents...relating to any payments." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "HushHush Entertainment producer's account."

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any repeat infringer's account being terminated on Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time and in its request for "[a]ll documents relating to any repeat infringer's

7570712.1                                               16

account." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents which may include privileged communications between Defendant and its attorneys regarding termination of repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the adoption, communication, and implementation of Pornhub.com's repeat infringer policies.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any repeat infringer's account being terminated on Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time and in its request for "[a]ll documents relating to any repeat infringer's account." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents which may include privileged communications between Defendant and its attorneys regarding termination of repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search

17

and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the adoption, communication, and implementation of Pornhubpremium.com's repeat infringer policies.

**REQUEST FOR PRODUCTION NO. 21:**

     All DOCUMENTS RELATING TO any repeat infringer's account being terminated on Pornhub.com as a result of any DMCA NOTICES received by or on behalf of HUSH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

     In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents relating to any repeat infringer's account" terminated as a result of "any DMCA notices." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects that this Request is vague, ambiguous, and unintelligible as to "received by or on behalf of HUSH," which makes no sense in the context of this Request; Defendant will interpret this as meaning "from Hush or an agent acting on Hush's behalf." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents which may include privileged communications between Defendant and its attorneys regarding termination of repeat infringers, as well as attorney work product related to the same.

     Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the adoption, communication, and implementation of Pornhub.com's repeat infringer policies.

7570712.1

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATING TO any repeat infringer's account being terminated on Pornhubpremium.com as a result of any DMCA NOTICES received by or on behalf of HUSH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents relating to any repeat infringer's account" terminated as a result of "any DMCA notices." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects that this Request is vague, ambiguous, and unintelligible as to "received by or on behalf of HUSH," which makes no sense in the context of this Request; Defendant will interpret this as meaning "from Hush or an agent acting on Hush's behalf." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents which may include privileged communications between Defendant and its attorneys regarding termination of repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the adoption, communication, and implementation of Pornhubpremium.com's repeat infringer policies.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO the sharing of adult video content between Pornhub.com and Pornhubpremium.com.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "sharing" and "adult video content." Defendant further objects to this Request to the extent it assumes facts not in evidence regarding "the sharing of adult video content between Pornhub.com and Pornhubpremium.com," and misunderstands the relationship between Pornhub.com and Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting the IP addresses and identification information for all individuals uploading adult video content to Pornhub.com, who is [sic] identified as "Unknown".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "identification information" and "adult video content." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to content owned by Plaintiff or to the works at issue. Defendant further objects that the Request assumes facts not in evidence as to the operation of Pornhub.com. Additionally, Defendant objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client

privilege and/or work product doctrine, including documents concerning the operation of Pornhub.com.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS reflecting the IP addresses and identification information for all individuals uploading adult video content to Pornhubpremium.com, who is identified as "Unknown".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "identification information" and "adult video content." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to content owned by Plaintiff or to the works at issue. Defendant further objects that the Request assumes facts not in evidence as to the operation of Pornhubpremium.com. Additionally, Defendant objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including documents concerning the operation of Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 26:**

All policies and procedures manuals or DOCUMENTS RELATING TO YOUR reviewing of content uploaded by third parties to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll policies and procedures manuals or documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "YOUR reviewing of content," and "uploaded by third parties." Defendant further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel relating to policies and procedures manuals or documents, certain internal policies and procedures manuals or documents, or drafts of policies and procedures manuals or documents.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect policies and procedures manuals or documents relating to the review of content uploaded by third parties to Pornhub.com.

**REQUEST FOR PRODUCTION NO. 27:**

All policies and procedures manuals or DOCUMENTS RELATING TO YOUR reviewing of content uploaded by third parties to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll policies and procedures manuals or documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "YOUR reviewing of content," and "uploaded by third parties." Defendant

22

further objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel relating to policies and procedures manuals or documents, certain internal policies and procedures manuals or documents, or drafts of policies and procedures manuals or documents.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect policies and procedures manuals or documents relating to the review of content uploaded by third parties to Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 28:**

YOUR organizational chart, or DOCUMENTS sufficient to depict the legal entity structure of YOUR company, including all owners, subsidiaries, affiliates and/or related entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the General Objections, Defendant objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "organizational chart" and "legal entity structure," and because it specifies no timeframe.  Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because it seeks documents concerning entities that have no involvement with or relation to Pornhub.com or Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.  Defendant also objects to this Request on the ground that discovery into Defendant's corporate structure can be more effectively taken through a 30(b)(6) deposition.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATING TO Pornhub.com's DMCA policies and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel concerning DMCA policies and procedures, certain internal policies and procedures, and drafts of DMCA policies and procedures.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect Pornhub.com's DMCA policies and procedures.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATING TO Pornhubpremium.com's DMCA policies and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel

24

concerning DMCA policies and procedures, certain internal policies and procedures, and drafts of DMCA policies and procedures.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect Pornhubpremium.com's DMCA policies and procedures.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS sufficient to identify the number of subscriptions purchased on Pornhubpremium.com, from January 1 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the number of subscriptions to Pornhubpremium.com is irrelevant to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant will produce documents sufficient to reflect the number of subscriptions purchased for Pornhubpremium.com from January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATING TO Pornhub.com's policies and procedures for removing content from Pornhub.com.

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel regarding policies and procedures regarding content removal, certain internal policies and procedures, and drafts of policies and procedures.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the policies and procedures for removing content from Pornhub.com.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATING TO Pornhubpremium.com's policies and procedures for removing content from Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel regarding policies and procedures regarding content removal, certain internal policies and procedures, and drafts of policies and procedures.

26

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the policies and procedures for removing content from Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS RELATING TO Pornhub.com's business model.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "business model." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Pornhub.com's entire "business model" is far broader than the allegations of copyright infringement at issue in this case. For the forgoing reasons, Defendant objects that this Request is not proportional to the needs of the case. Additionally, Defendant objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including internal documents and communications with counsel. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Request on the ground that discovery into Pornhub.com's business model can be more effectively taken through a 30(b)(6) deposition.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS RELATING TO Pornhubpremium.com's business model.

7570712.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "business model." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Pornhubpremium.com's entire "business model" is far broader than the allegations of copyright infringement at issue in this case. For the forgoing reasons, Defendant objects that this Request is not proportional to the needs of the case. Additionally, Defendant objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including internal documents and communications with counsel. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Request on the ground that discovery into Pornhubpremium.com's business model can be more effectively taken through a 30(b)(6) deposition.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to identify all URLs depicting the publication, distribution, dissemination and/or viewing of the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "all URLs." Defendant further objects that the Request is vague and ambiguous as to "the publication, distribution, dissemination and/or viewing of the WORKS." Defendant also objects

28

to this Request on the ground that it seeks documents that are in Plaintiff's possession, custody, control, and were provided to the Court by Plaintiff in the Schedule.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to identify the different company departments or divisions for Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to the General Objections, Defendant objects to this Request on the ground that it is vague and ambiguous, including because it is unlimited as to time, and as to "the different company departments or divisions for Pornhub.com." Defendant further objects to this Request to the extent it assumes facts not in evidence as to the organization and structure of Pornhub.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Request on the ground that discovery into Pornhub.com's internal structure can be more effectively taken through a 30(b)(6) deposition.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to identify the different company departments or divisions for Pornhubpremioum.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to the General Objections, Defendant objects to this Request on the ground that it is vague and ambiguous, including because it is unlimited as to time, and as to "the different company departments or divisions for Pornhubpremium.com." Defendant further objects to this Request to the extent it assumes facts not in evidence as to the organization and structure of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information

7570712.1

protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.  Defendant also objects to this Request on the ground that discovery into Pornhubpremium.com's internal structure can be more effectively taken through a 30(b)(6) deposition.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all former employees whose job responsibilities included the review of content uploaded to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all former employees."  For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all former employees whose job responsibilities included the review of content uploaded to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all former employees."  For

30

the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

### REQUEST FOR PRODUCTION NO. 41:

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all current employees whose job responsibilities include the review of content uploaded to Pornhub.com.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all current employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

### REQUEST FOR PRODUCTION NO. 42:

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all current employees whose job responsibilities include the review of content uploaded to Pornhubpremium.com.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is

31

unlimited as to time, and in its request for documents concerning "all current employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 43:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all former employees whose job responsibilities include formatting content uploaded to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all former employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "formatting content." Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all former employees whose job responsibilities include formatting content uploaded to Pornhubpremium.com.

32

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all former employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "formatting content." Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all current employees whose job responsibilities include formatting content uploaded to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all current employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "formatting content." Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7570712.1

**REQUEST FOR PRODUCTION NO. 46:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all current employees whose job responsibilities include formatting content uploaded to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all current employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "formatting content." Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.


**REQUEST FOR PRODUCTION NO. 47:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all former employees whose job responsibilities include auditing content uploaded to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all former employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "auditing content." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets,

34

sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all former employees whose job responsibilities include auditing content uploaded to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all former employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "auditing content." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all current employees whose job responsibilities include auditing content uploaded to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all current employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case.

35

Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "auditing content." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to identify the names, addresses and telephone numbers of all current employees whose job responsibilities include auditing content uploaded to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time, and in its request for documents concerning "all current employees." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "auditing content." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all agreements between Pornhub.com and Pornhubpremium.com RELATING TO the sharing of adult video content.

36

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and as to "[a]ny and all agreements." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined terms "sharing" and "adult video content". Defendant further objects to this Request to the extent it assumes facts not in evidence about the relationship and dealings between Pornhub.com and Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all agreements between Pornhub.com and Pornhubpremium.com RELATING TO DMCA NOTICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and as to "[a]ny and all agreements." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects to this Request to the extent it assumes facts not in evidence about the relationship and dealings between Pornhub.com and Pornhubpremium.com.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all agreements between Pornhub.com and Pornhubpremium.com RELATING TO compliance with DMCA NOTICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and as to "[a]ny and all agreements." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects to this Request to the extent it assumes facts not in evidence about the relationship and dealings between Pornhub.com and Pornhubpremium.com.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all agreements between Pornhub.com and Pornhubpremium.com RELATING TO repeat infringers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and as to "[a]ny and all agreements." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects that this Request is vague and ambiguous as to "relating to repeat infringers." Defendant further objects to this Request to the extent it assumes facts not in evidence about the relationship and dealings between Pornhub.com and Pornhubpremium.com.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

YOUR profit and loss statements for Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Pornhubpremium.com's profit and loss statements bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 56:**

YOUR balance sheets for Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Pornhubpremium.com's balance sheets bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 57:**

YOUR general ledger for Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Pornhubpremium.com's general ledger bears no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS reflecting revenues received in connection with Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the documents sought bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged documents concerning revenue information. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 59:**

DOCUMENTS sufficient to identify the nature and amount of revenues received by Pornhubpremium.com, from January 1, 2015 to the present.

7570712.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the documents sought bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged documents concerning revenue information. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS reflecting revenues received in connection with any other websites accessed through the Pornhubpremium.com website, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to the General Objections, Defendant objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the documents sought bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged documents concerning revenue information. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7570712.1

**REQUEST FOR PRODUCTION NO. 61:**

All advertising and/or promotional materials RELATING TO the promotion of Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll advertising and/or promotional materials." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "advertising and/or promotional materials" and "relating to the promotion of Pornhubpremium.com." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS RELATING TO the traffic received from other websites to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive,

7570712.1

personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS RELATING TO the nature of the business relationship between hubtraffic.com and Pornhubpremium.com, including any agreements between hubtraffic.com and Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "business relationship." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because hubtraffic.com has no relationship to the content on Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS RELATING TO the nature of the business relationship between hubtraffic.com and Pornhub.com, including any agreements between hubtraffic.com and Pornhub.com.

43

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "business relationship." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because hubtraffic.com has no relationship to the content on Pornhub.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS RELATING TO all monies paid to companies or individuals sending traffic to Pornhubpremium.com, through the affiliate program hubtraffic.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "through the affiliate program hubtraffic.com." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

44

admissible evidence, including because hubtraffic.com has no relationship to the content on Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS RELATING TO all monies paid to companies or individuals sending traffic to Pornhub.com, through the affiliate program hubtraffic.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "through the affiliate program hubtraffic.com." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because hubtraffic.com has no relationship to the content on Pornhub.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS RELATING TO any payments made to any users uploading adult video content to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents" relating to "any payments" made to "any users." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "users uploading adult video content." Defendant further objects to this Request to the extent that it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS RELATING TO any payments made to any users uploading adult video content to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents" relating to "any payments" made to "any users." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and

7570712.1

ambiguous, including as to "users uploading adult video content." Defendant further objects to this Request to the extent that it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS reflecting the amount of traffic on the Pornhubpremium.com website, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." For the same reason, Defendant objects that this Request is not proportional to the needs of the case. Additionally, Defendant objects that this Request is vague and ambiguous as to "amount of traffic." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged documents concerning traffic. Defendant further objects that this Request seeks information that is publicly available.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to reflect monthly traffic on Pornhubpremium.com for each month from January 2015 through March 2016.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to identify the ownership of the website Pornhubpremium.com, including without limitation the ownership structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

In addition to the General Objections, Defendant objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "ownership structure." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Request on the ground that discovery into Pornhubpremium.com's "ownership structure" can be more effectively taken through a 30(b)(6) deposition.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to identify the ownership of the website Pornhub.com, including without limitation the ownership structure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

In addition to the General Objections, Defendant objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "ownership structure." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Request on the ground that discovery into Pornhub.com's "ownership structure" can be more effectively taken through a 30(b)(6) deposition.

7570712.1

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS RELATING TO the policies, procedures and process for verification of a user's identification on Pornhubpremium.com, who uploads adult video content

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "verification of a user's identification." Defendant further objects to this Request to the extent it assumes facts not in evidence as to the operation of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS RELATING TO the policies, procedures and process for verification of a user's identification on Pornhub.com, who uploads adult video content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "verification of a user's identification." Defendant further objects to this Request to the extent it assumes facts not in evidence as to the operation of Pornhub.com. Defendant also objects to this Request on the

49

ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

## REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS RELATING TO the number of viewing of the WORKS on Pornhubpremium.com.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague, ambiguous, and unintelligible including in its use of the undefined term "number of viewing."

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to reflect the total number of times each of the works at issue was viewed on Pornhubpremium.com.

## REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS RELATING TO the number of viewing of the WORKS on Pornhub.com.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to

50

this Request on the ground that it is vague, ambiguous, and unintelligible including in its use of the undefined term "number of viewing."

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to reflect the total number of times each of the works at issue was viewed on Pornhub.com.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS RELATING TO the payment to third-parties for the viewing of the WORKS through hubtraffic.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the "viewing of the WORKS through hubtraffic.com." Defendant also objects to this Request to the extent it assumes facts not in evidence as to the operation of hubtraffic.com. Additionally, Defendant objects that this Request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence, because hubtraffic.com is irrelevant to the content of Pornhub.com and Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS RELATING TO YOUR contention, if any, that HUSH does not own the copyrights for the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Additionally, Defendant objects that this Request seeks documents that are in Plaintiff's own custody or control. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding Plaintiff's copyrights, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS supporting YOUR contention, if any, that Pornhub.com complied with all DMCA obligations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." Defendant also objects that the request is vague and ambiguous as to the time period at issue, and as to "complied with all DMCA obligations." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it

52

seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding Defendant's compliance with the DMCA, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS supporting YOUR contention, if any, that Pornhubpremium.com complied with all DMCA obligations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." Defendant also objects that the request is vague and ambiguous as to the time period at issue, and as to "complied with all DMCA obligations." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding Defendant's compliance with the DMCA, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7570712.1

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS supporting YOUR denial of the allegations of the First Count of the COMPLAINT for Direct Copyright Infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents," and its inclusion of all allegations in the First Count of the Complaint. Defendant further objects to this Request to the extent that it is duplicative of Plaintiff's other Requests. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding Defendant's preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS supporting YOUR denial of the allegations of the Second Count of the COMPLAINT for Contributory Copyright Infringement.

54

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents," and its inclusion of all allegations in the Second Count of the Complaint. Defendant further objects to this Request to the extent that it is duplicative of Plaintiff's other Requests. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding Defendant's preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS supporting YOUR denial of the allegations of the Third Count of the COMPLAINT for Vicarious Copyright Infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents," and its inclusion of all allegations in the Third Count of the Complaint. Defendant further objects to this Request to the extent that it is duplicative of Plaintiff's other Requests. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding Defendant's

preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS supporting YOUR denial of the allegations of the Fourth Count of the COMPLAINT for Inducement of Copyright Infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents," and its inclusion of all allegations in the Fourth Count of the Complaint. Defendant further objects to this Request to the extent that it is duplicative of Plaintiff's other Requests. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding Defendant's preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS supporting YOUR affirmative defenses as set forth in YOUR Answer to the COMPLAINT.

7570712.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its request for "[a]ll documents," and its inclusion of all the affirmative defenses in the Answer. Defendant further objects to this Request to the extent that it is duplicative of Plaintiff's other Requests. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding Defendant's preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS RELATING TO the terms and conditions of YOUR affiliate program for Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the affiliate program bears no relation to the content of Pornhubpremium.com, which is what is at issue in this case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also

7570712.1

objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATING TO the number of videos uploaded to Pornhubpremium.com from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents," and because the videos are in no way limited. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects that the Request is vague and ambiguous as to "videos uploaded to Pornhubpremium.com."

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to show the total number of videos that have ever been available on Pornhubpremium.com from January 1, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO the number of videos uploaded to Pornhub.com from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents," and because the videos are in no way limited. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant

7570712.1

further objects that the Request is vague and ambiguous as to "videos uploaded to Pornhub.com."

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to show the total number of videos that have ever been available on Pornhub.com from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO the number of times videos have been viewed on Pornhubpremium.com from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents," and because the videos are in no way limited. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects that the Request is vague and ambiguous as to "videos have been viewed on Pornhubpremium.com."

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO the number of times videos have been viewed on Pornhub.com from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents," and because the videos are in no way limited. For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant

59

further objects that the Request is vague and ambiguous as to "videos have been viewed on Pornhub.com."

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS, including COMMUNICATIONS, internal memoranda, meeting minutes and agenda, addressing or discussing repeat infringer issues on Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "repeat infringer issues." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS, including COMMUNICATIONS, internal memoranda, meeting minutes and agenda, addressing or discussing repeat infringer issues on Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is

unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "repeat infringer issues." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control from October 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS, including COMMUNICATIONS, internal memoranda, meeting minutes and agenda, addressing or discussing disabling or termination of accounts of repeat infringers on Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "disabling or termination of accounts of repeat infringers." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the termination of repeat infringers on Pornhub.com.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS, including COMMUNICATIONS, internal memoranda, meeting minutes and agenda, addressing or discussing disabling or termination of accounts of repeat infringers on Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "disabling or termination of accounts of repeat infringers." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect the termination of repeat infringers on Pornhubpremium.com.

62

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS, including COMMUNICATIONS, internal memoranda, meeting minutes and agenda, addressing or discussing the sharing of content between Pornhub.com and Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "sharing of content." Defendant further objects to this Request to the extent it assumes facts not in evidence as to the relationship between Pornhub.com and Pornhubpremium.com, and misunderstands the relationship between Pornhub.com and Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATING TO the investigation of users' backgrounds who upload content to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects to

7570712.1

this Request to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATING TO the investigation of users' backgrounds who upload content to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS RELATING TO the procedures for uploading content to Pornhub.com, from October 1, 2012 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." For the same reason, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "procedures for uploading content." Defendant also objects to this Request on the ground that it seeks documents protected from

disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel concerning the upload of content and work product regarding the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS RELATING TO the procedures for uploading content to Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." For the same reason, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "procedures for uploading content." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel concerning the upload of content and work product regarding the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 99:**

All COMMUNICATIONS RELATING TO Copyright infringed content on Pornhub.com.

7570712.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll communications." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague, ambiguous, and unintelligible, including in its use of the undefined term "Copyright infringed content." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding any purported infringements, as well as attorney work product related to the same.

**REQUEST FOR PRODUCTION NO. 100:**

All COMMUNICATIONS RELATING TO Copyright infringed content on Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll communications." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague, ambiguous, and unintelligible, including in its use of the undefined term "Copyright infringed content." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding any purported infringements, as well as attorney work product related to the same.

7570712.1

**REQUEST FOR PRODUCTION NO. 101:**

All COMMUNICATIONS RELATING TO compliance with DMCA for Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll communications." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects that this Request is vague and ambiguous, including as to "compliance with DMCA for Pornhub.com." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents, including privileged communications between Defendant and its attorneys regarding DMCA notices or DMCA policies, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect DMCA compliance for Pornhub.com.

**REQUEST FOR PRODUCTION NO. 102:**

All COMMUNICATIONS RELATING TO compliance with DMCA for Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll communications." For the same reasons,

67

7570712.1

Defendant objects that this Request is not proportional to the needs of the case. Defendant further objects that this Request is vague and ambiguous, including as to "compliance with DMCA for Pornhubpremium.com." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including because the Request seeks documents, including privileged communications between Defendant and its attorneys regarding DMCA notices or DMCA policies, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged documents, if any, in its possession, custody or control from October 1, 2012 to the present sufficient to reflect DMCA compliance for Pornhubpremium.com.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS supporting YOUR contention that Pornhubpremium.com was a qualified internet service provider from January 1, 2015 to October 13, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." For the same reason, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding Pornhubpremium.com's operation and business model, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from

68

disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant will perform a reasonable search and produce non-privileged responsive documents, if any, in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS RELATING TO technology used by YOU to remove infringing content from Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "infringing content." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding the removal of content from Pornhubpremium.com, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS RELATING TO technology used by YOU to remove infringing content from Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "infringing content." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding the removal of content from Pornhub.com, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS RELATING TO YOUR ability and procedures to ascertain the identity of users identified as "Unknown," and who uploaded content to Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "ability and procedures." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

70

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS RELATING TO YOUR ability and procedures to ascertain the identity of users identified as "Unknown," and who uploaded content to Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." For the same reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including in its use of the undefined term "ability and procedures." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS sufficient to identify the number of repeat infringers whose accounts were terminated or removed from Pornhub.com, from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." For the same reason, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "[a]ll documents sufficient" and "the number of repeat infringers." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged

71

communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to reflect the total number of repeat infringers whose accounts were terminated or removed from Pornhub.com, from January 1, 2011 to the present.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS sufficient to identify the number of repeat infringers whose accounts were terminated or removed from Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." For the same reason, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it is vague and ambiguous, including as to "[a]ll documents sufficient" and "the number of repeat infringers." Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Request, Defendant will produce documents sufficient to reflect the total number of repeat infringers whose accounts were terminated or removed from Pornhubpremium.com, from January 1, 2015 to the present.

72

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS RELATING TO the amount of money paid to affiliates directing traffic to Pornhub.com, from January 1, 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because money paid to affiliates bears no relation to the content of Pornhub.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding affiliates, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS RELATING TO the amount of money paid to affiliates directing traffic to Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because money paid to affiliates bears no relation to the content of Pornhubpremium.com, which

is what is at issue in this case. For the foregoing reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding affiliates, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS RELATING TO the purchase of content for Pornhubpremium.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because any content purchased for Pornhubpremium.com would not be copyright infringing, and thus has no bearing on the present controversy. For the foregoing reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding the operation of Pornhubpremium.com, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

74

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS RELATING TO the purchase of content for Pornhub.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

In addition to the General Objections, Defendant objects to this Request on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time, and in its request for "[a]ll documents." Defendant also objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because any content purchased for Pornhub.com would not be copyright infringing, and thus has no bearing on the present controversy. For the foregoing reasons, Defendant objects that this Request is not proportional to the needs of the case. Defendant also objects to this Request on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding the operation of Pornhub.com, as well as attorney work product related to the same. Defendant also objects to this Request on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7570712.1

Date: April 6, 2016

MITCHELL SILBERBERG & KNUPP LLP
*Attorneys for Defendants*
11377 W. Olympic Boulevard
Los Angeles, California 90064-1683
Phone: (310) 312-2000
Fax: (310) 312-3100

**and**

GRAY ROBINSON, P.A.
*Attorneys for Defendants*
333 S.E. Second Avenue
Suite 3200
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By:_____

Marc E. Mayer
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail and email to:

Brooks C. Miller, Esq.                    *Attorneys for Plaintiff*
Brooks C. Miller, P.A.
4300 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL 33131

Email: bmiller@brooksmiller.com

Lawrence C. Ecoff, Esq.                   *Attorneys for Plaintiff*
Ecoff Campain & Tilles, LLP
280 S. Beverly Drive, Suite 504
Beverly Hills, CA 90212

Email: ecoff@ecofflaw.com

This 6th day of April, 2016.

_____
Sunni Donmoyer