# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-23888-JEM

HUSHHUSH ENTERTAINMENT, INC., a California
corporation d/b/a Hush Hush Entertainment,
Hushpass.com and Interracialpass.com,

        Plaintiff,

v.

MINDGEEK USA, INC., a Delaware corporation,
d/b/a PORNHUBPREMIUM.COM MINDGEEK
USA, INC., a Delaware corporation, individually and
doing business as MINDGEEK USA INC., a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG FREESITES,
LTD, a Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING US, a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING EU, a
Delaware corporation, individually and d/b/a
PORNBHUBPREMIUM.COM; MG BILLING
IRELAND, a Delaware corporation, individually and
d/b/a PORNHUBPREMIUM.COM; LICENSING IP
INTERNATIONAL S.A.R.L., a foreign corporation
d/b/a PORNHUBPREMIUM.COM; FERAS
ANTOON, an individual; and DOES 1 – 50,

        Defendants.

---

## DEFENDANT MINDGEEK USA INCORPORATED'S OBJECTIONS TO TOPICS FOR EXAMINATION

    Defendant MindGeek USA Incorporated ("Defendant") hereby objects to the Notice of
Deposition of MindGeek USA Incorporated pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice")
and the Topics for Examination contained therein (the "Topics") served by Plaintiff HushHush
Entertainment, Inc. ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1.     Defendant objects to the Notice and its Definitions and Instructions, and to each and every Topic, to the extent they purport to impose obligations on Defendant different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Southern District of Florida, and/or the Court's Scheduling Order.

2.     Defendant objects to the Notice to the extent that the Topics call for testimony concerning topics that are not within Defendant's knowledge. Defendant is not involved in the operation of Pornhub and Pornhub Premium. As such, Defendant lacks substantive knowledge. Nonetheless, if Plaintiff desires, Defendant will provide a witness to testify to the extent of its knowledge, if any.

3.     Defendant objects to the Notice on the ground that discovery is ongoing, and it has not completed its investigation of this action. The testimony provided by Defendant is based on Defendant's knowledge, information, and belief at this time, and is made without prejudice to the following objections.

4.     Defendant objects to the Topics to extent they are unlimited or overly broad as to time. Defendant will limit its testimony to the period from October 1, 2012 to the present.

5.     Defendant objects to the Notice to the extent that the Topics seek testimony concerning information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines. Defendant shall not provide testimony so protected. Because the Topics are overbroad, unduly burdensome and harassing, and/or vague, ambiguous, and unintelligible, Defendant cannot always determine whether a Topic may be reasonably construed as seeking privileged or protected information. To the extent that a Topic may be construed as seeking information subject to the attorney-client privilege or attorney work product doctrine, Defendant hereby claims the attorney-client privilege and invokes the attorney work product doctrine as to such Topic. The fact that

2

Defendant does not specifically object to an individual Topic on the ground that it seeks information subject to the attorney-client privilege and/or attorney work product doctrine is not deemed a waiver of the protection of non-disclosure afforded by the attorney-client privilege or work product doctrine, or any other applicable privilege or doctrine.

6.      Defendant objects to the Notice to the extent that the Topics call for testimony concerning information that is highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

7.      Defendant objects to the Notice to the extent that the Topics call for testimony concerning information protected from disclosure by privacy rights enumerated in or recognized by the common law, state or federal statutes, any relevant state Constitution or the Constitution of the United States of America, or any other relevant law – including but not limited to, private and sensitive information regarding Defendant's employees, agents, and customers.

8.      Defendant objects to the Notice to the extent that the Topics seek discovery that is not proportional to the needs of the case.

9.      Defendant objects to the Notice to the extent that the Topics fail to describe with reasonable particularity the matters on which examination is requested, as required by Federal Rule of Civil Procedure 30(b)(6).

10.     Defendant objects to the Notice to the extent that the Topics call for testimony concerning information that is likely to be the subject of expert testimony. Defendant will make its expert disclosures at the appropriate time and in the appropriate manner.

11.     Defendant objects to the term "RELATING TO" on the ground that it is vague and ambiguous, overbroad, unduly burdensome, oppressive, and harassing, including because the definition thereof includes all information "in any other way being relevant to that given subject."

12.     Defendant objects to the terms "YOU," "YOURSELF," and "YOUR" on the ground that they are overbroad, unduly burdensome, oppressive, and harassing, including because their definition purports to include "any other person and/or entity acting in concert with

3

[Defendant] or acting or purporting to act on [Defendant's] behalf." Defendant construes the terms "YOU," "YOURSELF," and "YOUR" as referring solely to MindGeek USA Incorporated and its respective agents.

      13.    Defendant objects to the Notice on the ground that it is oppressive, burdensome, and harassing, including because Plaintiff noticed the deposition unilaterally and without prior discussion with Defendant or its counsel.

      14.    The foregoing General Objections are incorporated into each individual response below without further reference.

## OBJECTIONS TO DEPOSITION TOPICS

### TOPIC FOR EXAMINATION NO. 1:

Pornhub and Pornhub Premium's DMCA policies and procedures, including but not limited to repeat infringer policies, processes for responding to DMCA notifications, and procedures for removing content.

### RESPONSE TO TOPIC FOR EXAMINATION NO. 1:

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and is vague and ambiguous, including in its use of the undefined terms "DMCA policies and procedures," "processes for responding to DMCA notifications," and "procedures for removing content." Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including legal advice from counsel regarding Defendant's DMCA policies and procedures, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 2:**

The technical operation of the Pornhub and Pornhub Premium websites.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 2:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "technical operation." Additionally, Defendant objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because the technical operation of the Pornhub and Pornhub Premium websites is far beyond the scope of the issues in this case. For the same reason, this Topic is not proportional to the needs of this case. Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding the technical operation of Pornhub and Pornhub Premium, as well as attorney work product related to the same. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 3:**

The business model for Pornhub and Pornhub Premium.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 3:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "business model." Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome and seeks testimony concerning information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the

7570616.1

entire "business model" of each site is far broader than the allegations of copyright infringement at issue in this case. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel regarding the operation of Pornhub and Pornhub Premium, as well as attorney work product related to the same. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 4:**

The documents produced pursuant to Plaintiff's request for production of documents.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 4:**

Subject to and without waiving its General Objections, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 5:**

The different departments, divisions and locations relating to the operation of the Pornhub and Pornhubpremium websites.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 5:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague, ambiguous, and unintelligible as to "[t]he different departments, divisions, and

7570616.1

locations" and "relating to the operation of the Pornhub and Pornhubpremium websites."
Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing,
and unduly burdensome, including because it is unlimited as to time. For the same reasons,
Defendant objects that this Topic is not proportional to the needs of the case. Defendant further
objects to this Topic to the extent that it assumes facts not in evidence as to the organization and
structure of the Pornhub and Pornhubpremium websites. Additionally, Defendant objects to this
Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets,
sensitive, personal, and/or corporate information protected from disclosure under the United
States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of
vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge
regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 6:**

The submission and registration of Pornhubpremium's DMCA Agent with the United
States Copyright Office.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 6:**

In addition to the General Objections, Defendant objects to this Topic on the ground that
it seeks testimony concerning information protected from disclosure by the attorney-client
privilege and/or work product doctrine, including communications with counsel regarding the
submission and registration of Pornhubpremium's DMCA agent, as well as attorney work
product related to the same.

Subject to and without waiving its objections, Defendant lacks substantive knowledge
regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 7:**

Revenues received as a result of the operation of Pornhubpremium.com

**RESPONSE TO TOPIC FOR EXAMINATION NO. 7:**

In addition to the General Objections, Defendant objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and because the revenue generated by Pornhubpremium.com bears no relation to the content of Pornhubpremium.com, which is what is at issue in this case. For the same reasons, this Topic is not proportional to the needs of this case. Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications and work product concerning revenue information. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 8:**

The relationship between Pornhub and Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 8:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "relationship." Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7570616.1

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 9:**

The sharing of content between Pornhub and Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 9:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "sharing of content." Defendant further objects to this Topic to the extent it assumes facts not in evidence regarding "the sharing of content between Pornhub and Pornhubpremium.com," and misunderstands the relationship between Pornhub and Pornhubpremium.com.

**TOPIC FOR EXAMINATION NO. 10:**

Compliance with the DMCA requirements in the operation of Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 10:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including as to "[c]ompliance with the DMCA requirements." Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding Defendant's compliance with the DMCA, as well as attorney work product related to the same. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from

7570616.1

disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

## TOPIC FOR EXAMINATION NO. 11:

The review and inspection of adult video content by Pornhubpremium prior to the display of content on Pornhubpremium.com.

## RESPONSE TO TOPIC FOR EXAMINATION NO. 11:

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including as to "review and inspection of adult video content by Pornhubpremium" and "display of content on Pornhubpremium.com." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhubpremium. Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel relating to certain internal policies and procedures implemented to review content uploaded to Pornhubpremium.com, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

## TOPIC FOR EXAMINATION NO. 12:

The review and inspection of adult video content by Pornhub prior to the display of content on Pornhub.com.

10

**RESPONSE TO TOPIC FOR EXAMINATION NO. 12:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including as to "review and inspection of adult video content by Pornhub" and "display of content on Pornhub.com." Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhub. Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications with counsel relating to certain internal policies and procedures implemented to review content uploaded to Pornhub.com, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 13:**

The technology employed to detect repeat infringers and remove repeat infringer accounts.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 13:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "technology employed to detect." Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time. For the same reasons, Defendant objects that this Topic is not proportional to the needs of the case. Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product

doctrine, including communications between Defendant and its attorneys regarding repeat infringers, as well as attorney work product related to the same. Defendant also objects to this Topic on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 14:**

Receipt of DMCA NOTICES, and the response to such notices, including policies and procedures, from January 1, 2011 to the present for Pornhub and Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 14:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including as to "the response to such notices, including policies and procedures." Additionally, Defendant objects to this Topic to the extent it assumes facts not in evidence about the operation of Pornhub or Pornhubpremium.com. Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding the receipt of DMCA notices, the responses to such notices, and its policies and procedures, as well as attorney work product related to the same.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 15:**

Knowledge, testimony, policies and procedures regarding the identification and verification of users uploading content onto Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 15:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague, ambiguous, and unintelligible as to "[k]nowledge, testimony, policies and procedures" and "regarding the identification and verification of users uploading content onto Pornhubpremium.com." Additionally, Defendant objects to this Topic to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Topic on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 16:**

Knowledge, testimony, policies and procedures regarding the identification and verification of users uploading content onto Pornhub.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 16:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague, ambiguous, and unintelligible as to "[k]nowledge, testimony, policies and procedures" and "regarding the identification and verification of users uploading content onto Pornhub.com." Additionally, Defendant objects to this Topic to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Topic on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7570616.1

**TOPIC FOR EXAMINATION NO. 17:**

The organizational structure of Pornhubpremium.com

**RESPONSE TO TOPIC FOR EXAMINATION NO. 17:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "organizational structure of Pornhubpremium.com"; it is unclear whether the Topic is asking about the structure of the website or Defendant's corporate structure. Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Topic on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 18:**

The defenses asserted in YOUR Answer to the COMPLAINT.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 18:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its inclusion of all of the affirmative defenses in the Answer. Defendant further objects to this Topic to the extent that it is duplicative of Plaintiff's other Topics. For the same reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant further objects to this

14

Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding Defendant's preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 19:**

YOUR denial of the allegations in the COMPLAINT.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 19:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is overbroad, oppressive, harassing, and unduly burdensome, particularly in its inclusion of all the allegations in the Complaint. Defendant further objects to this Topic to the extent that it is duplicative of Plaintiff's other Topics. For the same reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys regarding Defendant's preparation of its Answer to Plaintiff's Complaint, as well as attorney work product related to the same.

Subject to and without waiving its objections, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 20:**

YOUR affiliate program, its operation and payment of monies relating thereto.

7570616.1

**RESPONSE TO TOPIC FOR EXAMINATION NO. 20:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including its use of the undefined terms "affiliate program" and "operation and payment of monies relating thereto." Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Additionally, Defendant objects that this Topic seeks testimony concerning information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the affiliate program has no relationship to the content of either Pornhub or Pornhubpremium, which is what is at issue in this case. Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 21:**

Traffic received by Pornhubpremium from third parties.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 21:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous. Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and because it seeks information relating to all third parties. Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information that is neither

16

relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the traffic received by Pornhubpremium has no relationship to the content on Pornhubpremium, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 22:**

The relationship between hubtraffic.com and Pornhubpremium.com, including website traffic.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 22:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "website traffic." Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because hubtraffic.com has no relationship to the content on Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under

the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 23:**

The operation of Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 23:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined term "operation." Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and because the operation of Pornhubpremium.com is far beyond the scope of the issues in this case. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant also objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding the operation of Pornhubpremium.com, as well as attorney work product related to the same. Defendant further objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 24:**

The receipt of DMCA NOTICES from Plaintiff by Pornhub and Pornhubpremium.com.

18

**RESPONSE TO TOPIC FOR EXAMINATION NO. 24:**

      In addition to the General Objections, Defendant objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time. For the same reason, Defendant objects that this Topic is not proportional to the needs of the case. Defendant also objects that this Topic fails to describe with reasonable particularity the matters on which examination is requested, and is vague and ambiguous as to "[t]he receipt … by Pornhub and Pornhubpremium.com." Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine, including privileged communications between Defendant and its attorneys regarding the receipt of DMCA notices from Plaintiff, as well as attorney work product related to the same. Additionally, Defendant objects to this Topic to the extent it assumes facts not in evidence about the operation of Pornhub and Pornhubpremium.com.

      Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

**TOPIC FOR EXAMINATION NO. 25:**

      Identification and communications with merchant accounts and merchant banks relating to the operation of Pornhubpremium.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 25:**

      In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including as to "[i]dentification and communications with merchant accounts and merchant banks" and "the operation of Pornhubpremium." Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time. Additionally, Defendant also objects to

19

this Topic on the ground that it seeks testimony concerning information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because "merchant accounts" and "merchant banks" bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**TOPIC FOR EXAMINATION NO. 26:**

Advertising and marketing of Pornhubpremium.com.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 26:**

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including because it does not specify "[a]dvertising and marketing" by whom. Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time. Additionally, Defendant also objects to this Topic on the ground that it seeks testimony concerning information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because "[a]dvertising and marketing" bear no relation to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine.

20

Defendant also objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

## TOPIC FOR EXAMINATION NO. 27:

The nature of the business of each of the Defendants and their relationship to each other.

## RESPONSE TO TOPIC FOR EXAMINATION NO. 27:

In addition to the General Objections, Defendant objects to this Topic on the ground that it fails to describe with reasonable particularity the matters on which examination is requested, and it is vague and ambiguous, including in its use of the undefined terms "nature of the business of each of the Defendants" and "their relationship to each other." Defendant also objects to this Topic on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time. Additionally, Defendant objects to this Topic on the ground that it seeks testimony concerning information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because it does not limit the information sought to that pertaining to the present controversy. For the foregoing reasons, Defendant objects that this Topic is not proportional to the needs of the case. Defendant further objects to this Topic on the ground that it seeks testimony concerning information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant also objects to this Topic on the ground that it seeks testimony concerning confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Topic, Defendant lacks substantive knowledge regarding this Topic, but will provide a witness if Plaintiff so desires.

21

Date: April 6, 2016

MITCHELL SILBERBERG & KNUPP LLP
*Attorneys for Defendants*
11377 W. Olympic Boulevard
Los Angeles, California 90064-1683
Phone: (310) 312-2000
Fax: (310) 312-3100

**and**

GRAY ROBINSON, P.A.
*Attorneys for Defendants*
333 S.E. Second Avenue
Suite 3200
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By:_____
        Marc E. Mayer
        *Pro Hac Vice*

7570616.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail and email to:

Brooks C. Miller, Esq.                          *Attorneys for Plaintiff*
Brooks C. Miller, P.A.
4300 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL 33131

Email: bmiller@brooksmiller.com

Lawrence C. Ecoff, Esq.                         *Attorneys for Plaintiff*
Ecoff Campain & Tilles, LLP
280 S. Beverly Drive, Suite 504
Beverly Hills, CA 90212

Email: ecoff@ecofflaw.com

This 6th day of April, 2016.

Sunni Donmoyer

23