# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-23888-JEM

HUSHHUSH ENTERTAINMENT, INC., a California
corporation d/b/a Hush Hush Entertainment,
Hushpass.com and Interracialpass.com,

        Plaintiff,

v.

MINDGEEK USA, INC., a Delaware corporation,
d/b/a PORNHUBPREMIUM.COM MINDGEEK
USA, INC., a Delaware corporation, individually and
doing business as MINDGEEK USA INC., a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG FREESITES,
LTD, a Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING US, a
Delaware corporation, individually and d/b/a
PORNHUBPREMIUM.COM; MG BILLING EU, a
Delaware corporation, individually and d/b/a
PORNBHUBPREMIUM.COM; MG BILLING
IRELAND, a Delaware corporation, individually and
d/b/a PORNHUBPREMIUM.COM; LICENSING IP
INTERNATIONAL S.A.R.L., a foreign corporation
d/b/a PORNHUBPREMIUM.COM; FERAS
ANTOON, an individual; and DOES 1 – 50,

        Defendants.

---

## DEFENDANT MG FREESITES LTD.'S AMENDED RESPONSES TO PLAINTIFF HUSHHUSH ENTERTAINMENT, INC.'S FIRST SET OF SPECIAL INTERROGATORIES [CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER]

PROPOUNDING PARTY:   Plaintiff HUSHHUSH ENTERTAINMENT, INC.

RESPONDING PARTY:   Defendant MG FREESITES LTD.

SET:           ONE

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, Defendant MG Freesites Ltd. (hereinafter "Responding Party" or "Defendant") hereby provides the following amended responses to Plaintiff HushHush Entertainment, Inc.'s ("Plaintiff's") First Set of Special Interrogatories ("Interrogatories"):

## PRELIMINARY STATEMENT

1.     These responses are made solely for the purposes of this action. Any information or documents provided in response to any particular Interrogatory is provided subject to and without waiving all objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.     The following responses are based upon information presently available to and located by Defendant. Defendant has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Interrogatories. Defendant specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts. Defendant reserves all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Interrogatory. Nothing stated herein shall constitute or be construed as a waiver of Defendant's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

7649414.4/43277-00658

3.      No incidental or implied admission is intended by the responses herein. The fact that Defendant has agreed to respond to any particular Interrogatory is not intended, and shall not be construed as, a waiver by Defendant of any part of any objection to any such Interrogatory, or any part of any General Objection. The fact that Defendant responds or objects to any particular Interrogatory or part thereof is not intended and shall not be construed as an admission that Defendant accepts or admits the existence of any facts set forth in or assumed by such Interrogatory, or that such response or objection constitutes admissible evidence.

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Instructions and Definitions, and to each and every Interrogatory, to the extent they purport to impose obligations on Defendant different from, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Southern District of Florida, and/or the Court's Scheduling Order.

2.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is not within Defendant's possession, custody, or control and/or solely within the possession, custody or control of entities other than Defendant. These responses are provided only on behalf of Defendant, and Defendant will only produce information within its own possession, custody, or control.

3.      Defendant objects to each Interrogatory on the ground that discovery is ongoing, and it has not completed its investigation of this action. These responses hereinafter are based on Defendant's knowledge, information, and belief at this time, and are made without prejudice to the following objections, and are based on Defendant's diligent search of those records that it has located and that it reasonably believes would contain the documents sought. Defendant reserves the right to amend and/or supplement these responses.

CONFIDENTIAL                                    3

4.      Defendant objects to each Interrogatory to the extent it is unlimited as to time. Defendant will limit its production of information to the period from October 1, 2012 to the present.

5.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Defendant shall not provide information so protected.  This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Defendant or obtained such knowledge solely through communications with counsel for Defendant. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Defendant's rights to object to the use of such information.

6.      Defendant objects to each Interrogatory, and to the Interrogatories as a whole, on the ground that they improperly contain multiple, discrete subparts, which should be separate interrogatories, and are in violation of the 25-interrogatory limit in an action.

7.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is highly confidential, sensitive, and/or proprietary business information and/or trade secrets.

8.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, state or federal statutes, any relevant state Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive information regarding Defendant's employees, agents, and customers.

9.      Defendant objects to each Interrogatory to the extent it seeks discovery that is not proportional to the needs of the case.

10.      Defendant objects to the term "RELATING TO" on the ground that it is vague and ambiguous, overbroad, unduly burdensome, oppressive, and harassing, including because the

definition thereof includes all information "in any other way being relevant to that given subject."

11.     Defendant objects to the terms "YOU," "YOURSELF," and "YOUR" on the grounds that they are overbroad, unduly burdensome, oppressive, and harassing, including because their definition purports to include "any other person and/or entity acting in concert with [Defendant] or acting or purporting to act on [Defendant's] behalf." Defendant construes the terms "YOU," "YOURSELF," and "YOUR" as referring solely to MG Freesites Ltd. and its respective agents.

12.     Its General Objections are incorporated into each individual response below without further reference.

## AMENDED RESPONSE TO SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

State in detail how many **DMCA NOTICES** Pornhubpremium.com received from January 1, 2015 through December 31, 2015.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1:

In addition to the General Objections set forth above, Defendant objects to this Interrogatory on the ground that it is vague, ambiguous, and overly broad in its request that Defendant "[s]tate in detail how many DMCA Notices Pornhubpremium.com received." For the same reason, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground it is based on a misunderstanding of the relationship between Pornhub.com and Pornhubpremium.com.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant received approximately 4,450 DMCA notices from January 1, 2015 through December 31, 2015 pertaining to content made available on Pornhub.com or Pornhubpremium.com.

**SPECIAL INTERROGATORY NO. 2**:

State in detail how many **DMCA NOTICES** Pornhub.com received from January 1, 2011 through December 31, 2015.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**:

In addition to the General Objections set forth above, Defendant objects to this Interrogatory on the ground that it is vague, ambiguous, and overly broad in its request that Defendant "[s]tate in detail how many DMCA Notices Pornhub.com received." Defendant further objects that this Interrogatory is overly broad as to time. For the same reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground it is based on a misunderstanding of the relationship between Pornhub.com and Pornhubpremium.com.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant received approximately 4,450 DMCA notices from January 1, 2015 through December 31, 2015 pertaining to content made available on Pornhub.com or Pornhubpremium.com.


**SPECIAL INTERROGATORY NO. 3**:

Describe in detail the technology used to detect and remove repeat infringers.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**:

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its broad reference to "the technology." For the same reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it is vague and ambiguous, including in its use of the undefined term "the technology." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys

7649414.4/43277-00658

concerning repeat infringers, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Interrogatory on the ground that discovery into Defendant's technology can be more effectively taken through a 30(b)(6) deposition.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant responds as follows: Upon receipt of a proper DMCA notice, Defendant enters the URL of the infringing video into a DMCA tracking tool. The tracking tool automatically retrieves the name of the uploader from the video's page and assesses a "strike" against the uploader. When the uploader has received five "strikes" in Defendant's DMCA system, the user is automatically terminated. Within a matter of hours, the account is disabled and the user can no longer upload videos or access his account. Additionally, Defendant's DMCA staff is permitted to terminate users at its discretion where it becomes apparent that the user has engaged in repeated infringement or otherwise violated the Terms of Service.

**SPECIAL INTERROGATORY NO. 4:**

State the date on which Pornhubpremium.com registered its DMCA agent with the United States Copyright Office.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Subject to and without waiving its General Objections, Defendant will produce the Interim Designations of Agent filed by Defendant concerning Pornhub and Pornhub Premium, from which the answer to this Interrogatory can be readily ascertained. *See* Bates Nos. MG_PROD0001979-1983.

CONFIDENTIAL

**SPECIAL INTERROGATORY NO. 5:**

Identify by stating the name, address or telephone number, of each and every merchant account and merchant bank(s) used by Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information about "each and every merchant account and merchant bank(s)." Defendant also objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because "merchant accounts" and "merchant bank(s)" bear no relationship to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects that this Interrogatory is vague and ambiguous, including in its use of the undefined terms "merchant account" and "merchant bank(s)." Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

**SPECIAL INTERROGATORY NO. 6:**

State in detail the source of revenues received by Pornhubpremium as a result of the Pornhubpremium.com website.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its apparent request for information about all sources of revenue. Defendant also objects to this Interrogatory on the ground that it seeks information that is neither

7649414.4/43277-00658

relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the sources of revenue bear no relationship to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects that this Interrogatory is vague and ambiguous as to "as a result of the Pornhubpremium.com website." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning revenues, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Interrogatory on the ground that discovery into Defendant's technology can be more effectively taken through a 30(b)(6) deposition.

Subject to and without waiving the foregoing objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Pornhubpremium's revenues are earned from member subscriptions.

**SPECIAL INTERROGATORY NO. 7:**

State the number of paid subscriptions received by Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to "the number of paid subscriptions received by Pornhubpremium.com" and "from January 1, 2015 to the present." Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive,

7649414.4/43277-00658

personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, approximately 180,000 subscriptions to Pornhubpremium were purchased from August 2015 through March 2016.

**SPECIAL INTERROGATORY NO. 8:**

State the amount of revenues received by Pornhubpremium.com through sales to other websites conducted through the members area of Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, including because it is unlimited as to time. Defendant also objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the "amount of revenues received by Pornhubpremium.com" bears no relationship to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to the Interrogatory on the ground that it is vague and ambiguous, including as to "through sales to other websites" and "conducted through the members area." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning Pornhubpremium.com's sales or operations, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant is gathering the information requested by this Interrogatory and will supplement its response.

**SPECIAL INTERROGATORY NO. 9:**

State the number of views of each of the **WORKS** displayed on Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time.

Subject to and without waiving its objections, Defendant responds as follows:  the total number of views by Pornhub Premium users of the videos at issue was 1560, and the total number of views by Pornhub Premium users of the photos at issue was 400.

**SPECIAL INTERROGATORY NO. 10:**

Identify, by stating the name, address and telephone number, of each and every repeat infringer whose account was terminated, on Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for information relating to "each and every repeat infringer."  Defendant also objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the identities and personal details of repeat infringers are not relevant to this case.  For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case.  Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the work product doctrine, including information about repeat infringers.  Defendant also objects to this Interrogatory on the ground that it seeks

7649414.4 / 43277-00658

confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant refers Plaintiff to its document production, specifically its Responses to Request Nos. 20, 22, 93, and 109, including Bates Nos. MG_PROD0000261.CSV, MG_PROD0000404.CSV, and MG_PROD0001956.CSV.

**SPECIAL INTERROGATORY NO. 11:**

State the number of repeat infringers whose account(s) were terminated from January 1, 2015 to the present, on Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Subject to and without waiving its General Objections, Defendant responds as follows: 13,724 Pornhub user accounts were terminated from January 1, 2015 to the present. There is not a distinction between Pornhub and Pornhub Premium user accounts.

**SPECIAL INTERROGATORY NO. 12:**

**IDENTIFY** each and every repeat infringer whose account was terminated, on Pornhub.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for information relating to "each and every repeat infringer." Defendant also objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the identities and personal details of repeat infringers are not relevant to this case. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks

information protected from disclosure by the work product doctrine, including information about repeat infringers. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant refers Plaintiff to its document production, specifically its Responses to Requests Nos. 19, 21, 92, and 108, including Bates Nos. MG_PROD0000261.CSV, MG_PROD0000404.CSV, and MG_PROD0001956.CSV.

**SPECIAL INTERROGATORY NO. 13:**

Identify in detail any and all websites that send direct traffic to Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "any and all websites." Defendant also objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the sources of traffic for Pornhubpremium.com have no relationship to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine including communications between Defendant and its attorneys concerning Pornhubpremium.com's operations, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

7649414.4/43277-00658

## SPECIAL INTERROGATORY NO. 14:

**IDENTIFY** each and every Pornhubpremium.com affiliate who participates in the Pornhubpremium.com affiliate program.

## RESPONSE TO SPECIAL INTERROGATORY NO. 14:

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its Request for information relating to "each and every" affiliate. Defendant also objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including because the Pornhupremium.com affiliate program has no relationship to the content of Pornhubpremium.com, which is what is at issue in this case. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning Pornhubpremium.com's affiliate program, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving the foregoing objections, Defendant responds as follows: (1) Crakrevenue; (2) securesender; (3) adultreviews; (4) techfreak; (5) freereview; (6) discount; and (7) lordporn.

## SPECIAL INTERROGATORY NO. 15:

**IDENTIFY** each and every employee, whether currently employed or no longer employed, who reviews, or reviewed, adult video content prior such content being displayed on Pornhub.com, from January 1, 2011 to the present.

7649414.4/43277-00658

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant also objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "each and every employee, whether currently employed or no longer employed." For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant responds as follows: For the period from October 1, 2012 to the present, no employee of Defendant has reviewed adult video content prior to such content being displayed on Pornhub.com.

**SPECIAL INTERROGATORY NO. 16:**

**IDENTIFY** each and every employee, whether currently employed or no longer employed, who reviews, or reviewed, adult video content prior such content being displayed Pornhubpremium.com, from January 1, 2015 to the present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant also objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "each and every employee, whether currently employed or no longer employed." For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant

7649414.4/43277-00658

further objects to this Interrogatory to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, Defendant responds as follows: For the period from October 1, 2012 to the present, no employee of Defendant has reviewed adult video content prior to such content being displayed on Pornhubpremium.com.

## SPECIAL INTERROGATORY NO. 17:

State in detail any and all efforts to discover the copyright owner(s) or license holders of any content uploaded to Pornhub.com.

## RESPONSE TO SPECIAL INTERROGATORY NO. 17:

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant also objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for information relating to "any and all efforts" and "any content uploaded." For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the upload of content to Pornhub.com, or attorney work product regarding the same.

Subject to and without waiving the foregoing objections, Defendant responds as follows: For each piece of content uploaded to Pornhub.com, Defendant does not, at the time the content is uploaded, undertake a factual investigation into the specific identity of the copyright owner,

the current copyright status of the work (e.g. whether it is copyrighted, in the public domain, or abandoned), the existence of a license from the copyright owner by the uploader, or whether the use is a fair use. Defendant requires that all members of Pornhub.com consent to its Terms of Service, which provide, among other things:

> • "You affirm, represent, and warrant that you own or have the necessary licenses, rights, consents, and permissions to publish Content you submit..."

> • "The Website does not permit copyright infringing activities and infringement of intellectual property rights on the Website, and the Website will remove all Content if properly notified that such Content infringes on another's intellectual property rights..."

> • "[Y]ou agree not to use the Website to [] violate any law (including without limitation laws related to torts, contracts, patents, trademarks, trade secrets, copyrights, defamation, obscenity, pornography, rights of publicity or other rights) or encourage or provide instructions to another to do so... [or to] post any Content containing copyrighted materials, or materials protected by other intellectual property laws, that you do not own or for which you have not obtained all necessary written permissions and releases."

> • The Website respects the intellectual property of others, and requires that you do the same. You may not upload, embed, post, email, transmit or otherwise make available any Content that infringes any copyright, patent, trademark, trade secret, privacy, publicity or other proprietary rights of any person or entity.

Defendant relies on these representations by its users.

From time to time, Defendant may engage in communications with copyright owners concerning copyright infringement claims. During the course of these communications, Defendant may discuss with the copyright owner the scope of its ownership rights or whether it has licensed its work to a particular uploader.

7649414.4/43277-00658

**SPECIAL INTERROGATORY NO. 18:**

State in detail any and all efforts made to discover the copyright owner(s) or license holders of any content uploaded to Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant also objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and in its request for information relating to "any and all efforts" and "any content uploaded." For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects to this Request to the extent it assumes facts not in evidence about the operation of Pornhub.com and Pornhubpremium.com. Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the upload of content to Pornhub.com, or attorney work product regarding the same.

Subject to and without waiving its objections, Defendant responds as follows: For each piece of content uploaded to Pornhub.com, Defendant does not, at the time the content is uploaded, undertake a factual investigation into the specific identity of the copyright owner, the current copyright status of the work (e.g. whether it is copyrighted, in the public domain, or abandoned), the existence of a license from the copyright owner by the uploader, or whether the use is a fair use. Defendant requires that all members of Pornhub.com consent to its Terms of Service, which provide, among other things:

> • "You affirm, represent, and warrant that you own or have the necessary licenses, rights, consents, and permissions to publish Content you submit..."

> • "The Website does not permit copyright infringing activities and infringement of intellectual property rights on the Website, and the Website will remove all Content if properly

7649414.4/43277-00658

notified that such Content infringes on another's intellectual property rights…"

● "[Y]ou agree not to use the Website to [] violate any law (including without limitation laws related to torts, contracts, patents, trademarks, trade secrets, copyrights, defamation, obscenity, pornography, rights of publicity or other rights) or encourage or provide instructions to another to do so… [or to] post any Content containing copyrighted materials, or materials protected by other intellectual property laws, that you do not own or for which you have not obtained all necessary written permissions and releases."

● The Website respects the intellectual property of others, and requires that you do the same. You may not upload, embed, post, email, transmit or otherwise make available any Content that infringes any copyright, patent, trademark, trade secret, privacy, publicity or other proprietary rights of any person or entity.

Defendant relies on these representations by its users.

From time to time, Defendant may engage in communications with copyright owners concerning copyright infringement claims. During the course of these communications, Defendant may discuss with the copyright owner the scope of its ownership rights or whether it has licensed its work to a particular uploader. Content that is uploaded to Pornhub.com is also available to Pornhub Premium members at Pornhubpremium.com. Additionally, Pornhub Premium members may upload content, which is available on both Pornhub.com and Pornhubpremium.com. Users do not have the option to upload content only to Pornhubpremium.com.

**SPECIAL INTERROGATORY NO. 19:**

State in detail the name or work description of each and every division or department **RELATING TO** the operation of Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant also

objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "each and every division or department." For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects that this Interrogatory is vague and ambiguous as to "work description" and "relating to the operation of Pornhubpremium.com." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the operation of Pornhubpremium.com, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Interrogatory on the ground that discovery into Pornhubpremium.com's business model can be more effectively taken through a 30(b)(6) deposition.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant responds as follows: Pornhubpremium is operated by Defendant's "tube site" department. (The tube site department also runs Defendant's other tube sites, e.g. youporn.com and tube8.com.) Within the tube site department, there is a marketing team, a product team, a business intelligence team, a user interface/user experience team, and a content team. The tube site department also relies on the services of Defendant's other departments, including engineering, search engine marketing/search engine optimization, billing, customer care, human resources, and sales.

## SPECIAL INTERROGATORY NO. 20:

State in detail the name or work description of each and every division or department **RELATING TO** the operation of Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant further objects to this Interrogatory on the ground that it is duplicative of Interrogatory No. 19. Defendant also objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "each and every division or department." For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant further objects that this Interrogatory is vague and ambiguous as to "work description" and "relating to the operation of Pornhubpremium.com." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the operation of Pornhubpremium.com, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Interrogatory on the ground that discovery into Pornhubpremium.com's business model can be more effectively taken through a 30(b)(6) deposition.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant responds as follows: Pornhubpremium is operated by Defendant's "tube site" department. (The tube site department also runs Defendant's other tube sites, e.g. youporn.com and tube8.com.) Within the tube site department, there is a marketing team, a product team, a business intelligence team, a user interface/user experience team, and a content team. The tube site department also relies on the services of Defendant's other departments, including engineering, search engine marketing/search engine optimization, billing, customer care, human resources, and sales.

7649414.4/43277-00658

## SPECIAL INTERROGATORY NO. 21:

State in detail any and all steps taken to terminate infringer users of Pornhubpremium.com.

## RESPONSE TO SPECIAL INTERROGATORY NO. 21:

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "any and all steps." For the same reason, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it is vague and ambiguous, including in its use of the undefined term "infringer users." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning terminating infringers, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Interrogatory on the ground that discovery into Pornhubpremium.com's termination of infringers can be more effectively taken through a 30(b)(6) deposition.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant responds as follows: Upon receipt of a proper DMCA notice, Defendant enters the URL of the infringing video into a DMCA tracking tool. The tracking tool automatically retrieves the name of the uploader from the video's page and assesses a "strike" against the uploader. When the uploader has received five "strikes" in Defendant's DMCA system, the user is automatically terminated. Within a matter of hours, the account is disabled and the user can no longer upload videos or access his account. Additionally, Defendant's DMCA staff is permitted to terminate users at its discretion

where it becomes apparent that the user has engaged in repeated infringement or otherwise violated the Terms of Service.

**SPECIAL INTERROGATORY NO. 22:**

State in detail any and all steps taken to not permit users identified as "Unknown" to upload materials to Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "any and all steps." For the same reason, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects that this Interrogatory is vague and ambiguous, including as to "steps taken to not permit users identified as 'Unknown.'" Defendant further objects to this Interrogatory to the extent it assumes facts not in evidence about the operation of Pornhubpremium.com. Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the operation of Pornhubpremium.com, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant responds as follows: There are no "users" designated as "unknown." Rather, videos are listed as posted by "unknown" after a user is terminated from Pornhub, *e.g.* for being a repeat infringer, or after a user voluntarily deletes his account. In both instances, the user no longer possesses a Pornhub profile and is unable to upload content.

7649414.4 / 43277-00658

**SPECIAL INTERROGATORY NO. 23:**

State in detail any and all steps taken to not permit users identified as "Unknown" to upload materials to Pornhub.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

In addition to the General Objections, Defendant objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including in its request for information relating to "any and all steps." For the same reason, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects that this Interrogatory is vague and ambiguous, including as to "steps taken to not permit users identified as 'Unknown.'" Defendant further objects to this Interrogatory to the extent it assumes facts not in evidence about the operation of Pornhub.com. Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the operation of Pornhub.com, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law.

Subject to and without waiving its objections, and based on Defendant's understanding of vague or ambiguous terms included in this Interrogatory, Defendant responds as follows: There are no "users" designated as "unknown." Rather, videos are listed as posted by "unknown" after a user is terminated from Pornhub, *e.g.* for being a repeat infringer, or after a user voluntarily deletes his account. In both instances, the user no longer possesses a Pornhub profile and is unable to upload content.

CONFIDENTIAL

**SPECIAL INTERROGATORY NO. 24:**

State in detail the nature and extent of the business relationship between Pornhub.com and Pornhubpremium.com.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

In addition to the General Objections, Defendant objects to this Interrogatory on the ground that it is compound, conjunctive, disjunctive, and/or contains subparts. Defendant also objects to this Interrogatory on the grounds that it is overbroad, oppressive, harassing, and unduly burdensome, including because it is unlimited as to time and as to subject matter. For the foregoing reasons, Defendant objects that this Interrogatory is not proportional to the needs of the case. Defendant also objects to this Interrogatory on the ground that it is vague and ambiguous, including in its use of the undefined term "business relationship." Defendant also objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine, including communications between Defendant and its attorneys concerning the relationship between Pornhub.com and Pornhubpremium.com, or attorney work product regarding the same. Defendant also objects to this Interrogatory on the ground that it seeks confidential, proprietary, trade secrets, sensitive, personal, and/or corporate information protected from disclosure under the United States and/or state Constitutions, and/or federal and/or state statutory and/or common law. Defendant also objects to this Interrogatory on the ground that discovery into the relationship between Pornhub.com and Pornhubpremium.com can be more effectively taken through a 30(b)(6) deposition.

Subject to and without waiving its objections, and based on Defendant's understanding of ambiguous terms included in this Interrogatory, Defendant responds as follows: Pornhubpremium.com and Pornhub.com are operated by the same corporate entity, MG Freesites Ltd.

Date: May 10, 2016

MITCHELL SILBERBERG & KNUPP LLP
*Attorneys for Defendants*
11377 W. Olympic Boulevard
Los Angeles, California 90064-1683
Phone: (310) 312-2000
Fax: (310) 312-3100

**and**

GRAY ROBINSON, P.A.
*Attorneys for Defendants*
333 S.E. Second Avenue
Suite 3200
Miami, Florida 33131
Karen.Stetson@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By:_____
         Marc E. Mayer
         *Pro hac vice*

7649414.4/43277-00658

## VERIFICATION

I am an authorized representatitve of MG Freesites Ltd. I have read the document titled **DEFENDANT MG FREESITES LTD.'S AMENDED RESPONSES TO PLAINTIFF HUSHHUSH ENTERTAINMENT, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** and know its contents. I am informed and believe that the matters stated therein are true.

Executed on May ___9___, 2016, at Montreal Canada.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | |
|---|---|
| Brett Goldenberg | |
| Print Name | Signature |

7582970.1

Case 1:15-cv-23888-JEM   Document 42-6   Entered on FLSD Docket 06/08/2016   Page 29 of 30

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail and email to:

Brooks C. Miller, Esq.                          *Attorneys for Plaintiff*
Brooks C. Miller, P.A.
4300 Southeast Financial Center
200 South Biscayne Boulevard
Miami, FL 33131

Email:  bmiller@brooksmiller.com

Lawrence C. Ecoff, Esq.                         *Attorneys for Plaintiff*
Rachel L. Stein, Esq.
Yaron M. Tilles, Esq.
Ecoff Campain & Tilles, LLP
280 S. Beverly Drive, Suite 504
Beverly Hills, CA 90212

Email:  ecoff@ecofflaw.com
         stein@ecofflaw.com
         tilles@ecofflaw.com


This 10th day of May, 2016.


_____
Sunni Donmoyer

## VERIFICATION

I am an authorized representatitve of MindGeek USA Incorporated. I have read the document titled **DEFENDANT MINDGEEK USA INCORPORATED'S RESPONSES TO PLAINTIFF HUSHHUSH ENTERTAINMENT, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** and know its contents. I am informed and believe that the matters stated therein are true.

Executed on May 6, 2016, at Montreal Canada.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Feras Antoon | |
| --- | --- |
| Print Name | Signature |